# SWING v. WESTON LUMBER COMPANY.

ERROR TO THE SUPREME COURT OF THE STATE OF MICHIGAN.

No 145.    Argued January 10, 1907.—Decided April 8, 1907.

The State has undoubted power to prohibit foreign insurance companies from doing business within its limits, or, in allowing them to do so, to impose such conditions as it pleases.

Where the state court decides that a foreign insurance company cannot recover assessments on a policy issued within the State because it has not complied with the statutory conditions imposed by the State, no Federal question is involved, and a request to find that the state statute could not prevent the insured from going outside the State and obtaining insurance on property within the State does not raise a Federal question, where the fact was otherwise, and the writ of error will be dismissed.

140 Michigan, 344, affirmed.

THE facts are stated in the opinion.

*Mr. Patterson A. Reece,* with whom *Mr. Virgil I. Hixson* was on the brief, for plaintiff in error.

*Mr. Edward C. Chapin* for defendant in error.

MR. CHIEF JUSTICE FULLER delivered the opinion of the court.

This action was brought in the Circuit Court of Schoolcraft County, Michigan, by Swing, trustee of the Union Mutual Fire Insurance Company, a corporation of Ohio, against the Weston Lumber Company, a corporation of Michigan, to collect its share as a policy holder of an assessment made by the order of the Supreme Court of Ohio in liquidating the liabilities of the insurance company.

The assessment against defendant was in respect of a policy for $5,000 and a renewal thereof on defendant's lumber and other property at Manistique, Michigan. The insurance company was never licensed to do business in Michigan, and the

defense was pleaded that it was a foreign corporation, not authorized to transact business in that State, and that the policies were issued in direct violation of the laws of Michigan, the company not having complied with those relating to foreign insurance companies doing business in the State; and that the contracts of insurance were at variance with and contrary to the settled policy of the State.

The case was tried by the court without a jury. At the conclusion of the trial plaintiff made requests for certain findings as matters of law, including this:

"11. That the statutes of this State do not and could not under the Constitution of the United States prohibit this defendant from going or sending outside of this State and there procuring insurance on property belonging to the defendant and located in this State from an insurance company not authorized to do business in this State;" which the court refused.

Findings of fact and conclusions of law were made and filed. It was found, among other things, that—

"In the latter part of the summer of 1889 defendant desired to increase the amount of insurance carried upon lumber accumulated in its yards, and made application to a local agency conducted by a banking institution of the town for a considerable addition to the line of its insurance already held in that agency. Not being able to write, in one risk, in its own companies, the amount of additional insurance desired, the local agency, through W. C. Marsh, an employé of the bank, who attended to its insurance business, placed twelve different policies with outside agencies. Part of this line of insurance was sent to George R. Lewis & Company, an agency of Minneapolis, Minnesota, through which concern the $5,000 insurance involved in this case was placed with the said Union Mutual Fire Insurance Company of Cincinnati, Ohio."

It was admitted that the insurance company had never complied with any of the requirements imposed by the statutes of Michigan on insurance companies of other States seeking to transact business in Michigan.

Sections 5157 and 10467 of the Compiled Laws of Michigan of 1897 are as follows:

(5157.) "That it shall be unlawful for any person or persons, as agent, solicitor, surveyor, broker, or in any other capacity, to transact or to aid in any manner, directly or indirectly, in transacting or soliciting within this State any insurance business for any person, persons, firm or copartnership who are non-residents of this State, or for any fire or inland navigation insurance company or association, not incorporated by the laws [or] of this State, or to act for or in behalf of any person or persons, firm or corporation, as agent or broker, or in any other capacity, to procure, or assist to procure, a fire or inland marine policy or policies of insurance on property situated in this State, for any non-resident person, persons, firm or copartnership, or in any company or association without this State whether incorporated or not, without procuring or receiving from the commissioner of insurance the certificate of authority provided for in section twenty-three of an act entitled 'An act relative to the organization of fire and marine insurance companies transacting business within this State,' approved April third, eighteen hundred and sixty-nine, as amended. Such certificate of authority shall state the name or names of the person, persons, firm or copartnership, or the location of the company or association as the case may be and that the party named in the certificate has complied with the laws of this State, regulating fire, marine, and inland navigation insurance, and the name of the duly appointed attorney in this State on whom process may be served." Act of 1881, § 1.

(10467.) "But when, by the laws of this State, any act is forbidden to be done by any corporation, or by any association of individuals, without express authority by law, and such act shall have been done by a foreign corporation, it shall not be authorized to maintain any action founded upon such act, or upon any liability or obligation, express or implied, arising out of, or made or entered into in consideration of such act."

Judgment was entered in favor of defendant, and affirmed, on error, by the Supreme Court of Michigan. *Swing* v. *Weston Lumber Company,* 140 Michigan, 344.

The Supreme Court held that a foreign mutual insurance company, which had not been authorized to do business in Michigan as provided by its statutes, could not maintain a suit to collect assessments due on a policy issued by one of its agents in another State on request of an insurance broker of Michigan who was unable to place the whole line in his own authorized companies. *Seamans* v. *Temple Company,* 105 Michigan, 400, citing many cases, was referred to and quoted from. It appeared therefrom that it had been for years the policy of the. State to limit the business of insurance to such corporations, domestic and foreign, as should be authorized to do business, after compliance with certain regulations and conditions prescribed by law, and that the statutes were intended to be prohibitory in their character.

The power of the State to prohibit foreign insurance companies from doing business within its limits, or in allowing them to do so to impose such conditions as it pleases, is undoubted. *Hooper* v. *California,* 155 U. S. 648; *Security Mutual Life Insurance Company* v. *Prewitt,* 202 U. S. 246; *Chattanooga National Building & Loan Association* v. *Denson,* 189 U. S. 408.

What was held here on the facts was that the contract was brought about and completed in Michigan by a representative of the foreign corporation. So far as defendant was concerned its application for insurance was made and the business was done with the local office at Manistique, with which it was in the habit of doing business. It was not a case of defendant "going or sending outside of this State and there procuring insurance on property belonging to the defendant and located in this State from an insurance company not authorized to do business in this State," as supposed in plaintiff's eleventh request for finding. That request is the only pretense in the record of a Federal question being raised prior to the judgments below, and was entirely inadequate for that purpose.

Naturally enough, neither the Circuit Court nor the Supreme Court referred to any Federal question whatever.

The writ of error cannot be maintained. *Chicago, Indianapolis & Louisville Railway Company* v. *McGuire,* 196 U. S. 128, 132; *Allen* v. *Allegheny County,* 196 U. S. 458.

*Writ of error dismissed.*