IN RE PETITION OF INLAND STEEL COMPANY.
KEATING, Plaintiff, vs. INLAND STEEL COMPANY, Defendant.
HALEY, Plaintiff, vs. SAME, Defendant.

*April 5—May 3, 1921.*

*Prohibition: When jurisdiction is exercised: Invalid service on foreign-corporation: Ownership of property as requisite of service.*

1. This court in *Petition of Pierce-Arrow Motor Car Co.* 143 Wis. 282, restricted its superintending control by writs of prohibition to a minimum; but, without intent to overrule that decision, it is *held* that a writ of prohibition will issue if a careful consideration of all the facts shows that a valid service has not been made.

2. In cases involving the validity of service, extraordinary hardship is inherent because the defendant must suffer a default judgment to test the question of the validity of the service, or else apply for a writ of prohibition, as there is no appeal from an order holding the service valid, and by appearing on the merits the question of jurisdiction is waived.

3. Property in the state which, by sub. (13), sec. 2637, Stats. 1919, a foreign corporation is required to have in order to make valid service of process on it in an action by a non-resident on a cause of action arising without the state, must be of a substantial nature; mere ownership of office supplies

used by a soliciting agent in connection with his duties is not enough to give the court jurisdiction of an action begun by service on such agent.

PETITIONS for writs of prohibition to restrain the further prosecution of two suits in the circuit court for Douglas county on the ground that the summons had not been properly served on the petitioner, which is a foreign corporation. *Writs allowed.*

The facts in the two cases are identical so far as the merits of the petitions are concerned, and they will therefore be treated as one. Both plaintiffs are nonresidents of Wisconsin and the cause of action did not accrue in this state but in Minnesota. Suits were brought in the federal district court of that state, which were pending at the time the petitions herein were filed, but which had been dismissed at the time of the oral argument. The causes of action grew out of alleged improper mining methods in operating a mine in Crow Wing county, Minnesota. Service of summons was made on C. M. Easterly, an agent of the defendant at Milwaukee, on the 31st day of January, 1921.

The validity of such service is sought to be sustained by an affidavit of C. R. Fridley, one of the attorneys for plaintiffs, made upon information and belief, to the effect that defendant has property in this state consisting of office furniture and fixtures, a lease of the office occupied by its agent, C. M. Easterly, in Milwaukee; that it also has credits for manufactured products sold to residents of this state who are solvent, and has manufactured products sold but undelivered in this state, and upon personal knowledge it is stated that the name of the defendant appears upon the outside door of the offices occupied by its agent, C. M. Easterly, at Milwaukee.

The opposing affidavits are made by D. P. Thompson, assistant to the president of the defendant, and by C. M. Easterly, its agent at Milwaukee. They are made upon

personal knowledge and deny that defendant has any property in Wisconsin "save such office stationery and supplies necessarily used by C. M. Easterly as its soliciting agent in connection with his duties . . . and which stationery and supplies are of no value to any person or corporation than to this defendant, save and except such intrinsic value as they may have, separate and apart from their uses as the property of the defendant." The lease, it is alleged, is the personal property of the agent, Easterly, who transacts other business than that of the defendant in the office occupied by him; that the office is leased for his own personal use and purposes. It is further alleged that all shipments of manufactured products are made by defendant from its manufacturing plants located outside of Wisconsin, and that when delivery is made f. o. b. cars, its right, title, and interest in the goods shipped ceases. The allegations in the respective affidavits as to the nature and extent of the business carried on in this state by the defendant are omitted, as we do not find it necessary to consider the question of whether or not defendant was carrying on a business in this state.

For the plaintiffs there was a brief by *Grace, Fridley & Crawford* of Superior, and oral argument by *W. P. Crawford.*

For the defendant there were briefs by *Hanitch, Hartley & McPherson* of Superior, attorneys, and *Abbott, MacPherran, Gilbert & Doan* of Duluth, Minnesota, of counsel; and the cause was argued orally by *T. W. Doan* and *E. W. MacPherran.*

Vinje, J. The conditions upon which this court will exercise its superintending control in questions now before us were thoroughly discussed in *Petition of Pierce-Arrow Motor Car Co.* 143 Wis. 282, 127 N. W. 998, and will not now be restated. The court there restricted its power to its minimum sphere, and while there is no intent to overrule

the decision in that case upon the facts there present, it is the opinion of the court that jurisdiction may properly be exercised though the duty of the court below may not be so plain as to permit of but one conclusion, if a careful consideration of all the facts shows that a valid service has not been made.   In cases involving the validity of the service of summons, extraordinary hardship is inherent when such service is held valid by the trial court, because the defendant has to suffer a default judgment in order to test the question of the validity of the service (*Rix v. Sprague C. M. Co.* 157 Wis. 572, 147 N. W. 1001), or else apply for a writ of prohibition, there being no appeal from an order holding the service valid, and the rule of this state being that if appearance is made on the merits the question of jurisdiction is waived.   *Corbett v. Physicians' C. Asso.* 135 Wis. 505, 115 N. W. 365.   In one of these cases judgment in the sum of $212,500 is demanded and in the other in the sum of $157,916.67, so the situation of defendant is quite serious. It has to wager those amounts on the validity of the service or else waive that question.

Coming now to the merits, it will be seen from the statement of facts that the allegations of the plaintiffs as to the defendant's possession of property in this state are upon information and belief, and that those of the defendant are upon personal knowledge.   It appears that the only property that the defendant has in this state consists in some office supplies.   Is this sufficient to give the court jurisdiction?   Sub. (13), sec. 2637, Stats. 1919, as to service provides:

"If against any other foreign corporation, to any such officer being within the state, or to any agent having charge of or conducting any business therefor in this state, or any trustee or assignee of such corporation, or upon the secretary of state, as provided in section 1770b.   But such service can be made upon a foreign corporation only either when it has

property within the state or the cause of action arose therein, or the cause of action exists in favor of a resident of the state, and upon the secretary of state only when the cause of action arises out of business transacted in this state on when the defendant has property therein."

It will thus be seen that in cases of this kind where the plaintiffs are nonresidents and the causes of action arose outside of the state, in order to make a valid service upon a foreign corporation by serving an agent it must conduct a business in this state through the agent served, and it must also have property within the state. The reasons for such provisions are obvious. Our courts should not be required to hear and determine cases arising outside of the state between nonresident parties nor should our taxpayers be subjected to the expense of such trials when plaintiffs can gain nothing substantial thereby. But when a foreign corporation is doing business in the state and has property within it that can be reached on execution, a sound interstate comity says then our courts shall be required to do the work and the taxpayers to pay the expense of the trial, for the plaintiff may be able to satisfy his judgment in whole or in part in this state. It has therefore generally been held that the property must be of some substantial nature; that the mere ownership of some office supplies is not enough to give the court jurisdiction. *Strom v. Montana Cent. R. Co.* 81 Minn. 346, 84 N. W. 46; *Barnes v. M. & N. W. R. Co.* 12 Hun, 126. We concur in such view and hold for that reason that no valid service was made upon the defendant in either case.

Upon the question as to whether or not the defendant was conducting business within the state within the meaning of the statute we express no opinion.

*By the Court.*—Let writs of prohibition issue as prayed for in the petition.