STATE EX REL. GOLDWYN DISTRIBUTING CORPORATION, Petitioner, vs. GEHRZ, Circuit Judge, Defendant.

*May 4—June 18, 1923.*

*Corporations: Non-licensed foreign corporations: Right to sue in this state: Public policy: Discretion of court: Prohibition: When writ issues.*

1. A writ of prohibition is the appropriate method for the supreme court, under its general and supervisory jurisdiction, to control the actions of a lower court which has assumed or threatens to assume jurisdiction over a party or of a cause when, as a matter of law, there is a want of such jurisdiction.

2. It is also a proper remedy where the question is not one of want of jurisdiction but whether an existing jurisdiction should be exercised.

3. A foreign corporation which obtains a license to do business in this state and voluntarily submits to the provisions of the statutes relating to foreign corporations (secs. 1770*b* and 1770*c*), thereby submits itself to the jurisdiction of the courts of this state.

4. Whether a foreign corporation which has not complied with the statutes may be permitted to sue in the courts of a particular state where no question of interstate commerce is concerned and the action is not on a judgment of a sister state to which this state must give full faith and credit under sec. 1, art. IV, Const. U. S., is exclusively a question of the public policy of the state.

5. The court having jurisdiction of a cause may, in the exercise of judicial discretion, refuse to exercise the same under rules of public policy.

State ex rel. Goldwyn D. Corp. v. Gehrz, 181 Wis. 238.

6. Though it has always been the public policy of this state to accord to foreign corporations, by comity, the complete privilege to exercise their corporate franchises within the state, secs. 1770*b* to 1770*d*, Stats. (providing that a foreign corporation which has not procured a license to do business in this state is absolutely prohibited from *transacting any business therein), declare the public policy of the state and must be enforced; and on the situation presented on the record the lower court should not proceed further with the action.

PETITION to this court for a writ of prohibition commanding GUSTAVE G. GEHRZ, Judge of branch No. 5 of the circuit court for Milwaukee county, to dismiss an action commenced by the Dyckman Building Corporation against the petitioner. *Writ granted.*

The record discloses the following:

That the petitioner, *Goldwyn Distributing Corporation,* and the Dyckman Building Corporation are each organized and existing under and by virtue of the laws of the state of New York; that the *Goldwyn Distributing Corporation* has assets in New York ample to satisfy any judgment that may be recovered for the damages claimed by the Dyckman Building Corporation in its action hereinafter recited, and that such *Goldwyn Distributing Corporation* prior to January 30, 1923, had complied with the provisions of sec. 1770*b*, Stats., and obtained a license to do business as a foreign corporation in Wisconsin, but that the Dyckman Building Corporation had not so complied and had no license.

That on January 30, 1923, an action was commenced in the circuit court for Milwaukee county by said Dyckman Building Corporation against the *Goldwyn Distributing Corporation* by service of process upon an agent of the named defendant in Milwaukee, as well as on the secretary of state of Wisconsin pursuant to the provisions of sec. 1770*b*. No question is here raised as to the sufficiency of such service.

The complaint asked for damages arising from the alleged breach of two separate leases of floors or parts of floors in a large office building in the city of New York

State ex rel. Goldwyn D. Corp. v. Gehrz, 181 Wis. 238.

where such leases were executed; the Dyckman Building Corporation being lessor and the *Goldwyn Distributing Corporation* lessee.

In February the petitioner here moved the said circuit court before branch No. 5, presided over by the defendant Gustave G. Gehrz, to have the said action dismissed, alleging among other things the facts above recited, and also that on any trial as to the issues involved in said action it will be necessary for the petitioner to have as witnesses officials of the city of New York as well as others, all residing in New York, and also alleging that it is the law of the state of New York that its courts should not take jurisdiction of an action between two corporations foreign in domicile to the said state of New York and situated as are the parties here concerning transactions in a state foreign to New York.

In opposition the Dyckman Building Corporation presented the affidavit of a resident and practicing attorney of the city of Milwaukee who was its president and director with exclusive direction, control, and execution of its business matters, and reciting that he was familiar with the transactions involved in the two leases and may be a witness upon the trial; that the transactions as to said leases were substantially all by correspondence, written statements, and accounts.

The matter was heard March 10th and the motion to dismiss denied by order of April 12th.

Thereafter return was made to this court by the defendant Gustave G. Gehrz as judge of the circuit court, branch No. 5, to which the *Goldwyn Distributing Corporation* demurred. Upon the record so presented the matter was here heard.

For the petitioner there was a brief by *Miller, Mack & Fairchild* of Milwaukee, and oral argument by *Edwin S. Mack.*

For the defendant and the Dyckman Building Corporation there was a brief by *P. J. Hayes,* attorney, and *Thos. H. Gill,* of counsel, both of Milwaukee, and oral argument by *Mr. Gill.*

ESCHWEILER, J. A query is made whether the petitioner has resorted to the proper procedure.

That a writ of prohibition under the general and supervisory jurisdiction of this court is the appropriate method for this court to control the actions of a lower court which has assumed or threatens to assume jurisdiction over a party or of a cause when, as a matter of law, there is a want of such jurisdiction, has been so recently treated that it needs no further discussion. *State ex rel. Bergougnan Rubber Corp. v. Gregory,* 179 Wis. 98, 190 N. W. 918; *State ex rel. Peterson v. Circuit Court,* 177 Wis. 548, 556, 188 N. W. 645; *State v. Fischer,* 175 Wis. 69, 78, 184 N. W. 774; *Petition of Inland Steel Co.* 174 Wis. 140, 143, 182 N. W. 917.

Here, though the question is not one of want of jurisdiction, but whether an existing jurisdiction should be exercised, yet such two questions are so nearly akin and the results so alike that the writ of prohibition is a proper remedy in either instance.

The petitioner, *Goldwyn Distributing Corporation,* a foreign corporation, having voluntarily submitted to the provisions of the statutes of this state, sec. 1770*b,* and having obtained a license permitting it to do business as such in this state under sec. 1770*c,* has thereby voluntarily submitted itself to the jurisdiction of our courts (sec. 1770*e,* Stats.; *State ex rel. Quinn v. Thompson's M. F. Co.* 160 Wis. 671, 674, 152 N. W. 458; *State ex rel. Wis. D. M. Co. v. Circuit Court,* 176 Wis. 198, 204, 186 N. W. 732) ; and no question being here raised as to the legality and regularity of service of process upon it, it is, beyond question, ame-

nable to process, orders, and judgments of the courts of this state.

The jurisdiction of the circuit court is however here invoked by the Dyckman Building Corporation as plaintiff, also a foreign but a non-complying corporation; such plaintiff relying upon a contract for the breach of which damages are claimed, made in the city of New York; concerning the leasing and occupancy of real estate there; and the breach occurring if at all in New York; and the petitioner here, defendant below, having, under the showing made, ample property in New York to respond for any damages that may be adjudged against it and with property in this state insignificant in value by comparison.

Being such nonresident, non-complying foreign corporation, it can assert no constitutional right, as might an individual, to resort to the courts of this state for original redress. Whether such a foreign corporation may be permitted to become a suitor in the courts of any particular state, provided no question of interstate commerce is concerned, is exclusively a question of public policy to be declared through statute or by judicial decision in each particular state. *Munday v. Wis. T. Co.* 252 U. S. 499, 503, 40 Sup. Ct. 365; *Interstate A. Co. v. Albert,* 239 U. S. 560, 568, 36 Sup. Ct. 168. See, also, *Canadian N. R. Co. v. Eggen,* 252 U. S. 553, 40 Sup. Ct. 402.

It is for the state itself to determine whether it shall open or close its courts to such suitors, and it may impose such terms and conditions upon the right to sue as it may elect. *Wyman v. Kimberly-Clark Co.* 93 Wis. 554, 559, 67 N. W. 932; *State ex rel. Fowler v. Circuit Court,* 98 Wis. 143, 156, 73 N. W. 788; *Chicago T. & T. Co. v. Bashford,* 120 Wis. 281, 284, 97 N. W. 940; *Disconto Gesellschaft v. Umbreit,* 127 Wis. 651, 660, 106 N. W. 821 (affirmed 208 U. S. 570, 28 Sup. Ct. 337); except, of course, that it may not deny a right to sue in one state upon a judgment obtained in a sister state, that being controlled by the full faith and credit provision in sec. 1, art. IV, U. S. Const.

*Kenney v. Supreme Lodge,* 252 U. S. 411, 414, 40 Sup. Ct. 371.

That a court having jurisdiction may nevertheless properly refuse to act under the same in the exercise of judicial discretion under rules of public policy is well stated and authorities cited in *Arizona C. M. Co. v. Iron Cap C. Co.* 233 Mass. 522, 526, 124 N. E. 281, and same case, 236 Mass. 185, 128 N. E. 4.

While, as stated in *Chicago T. & T. Co. v. Bashford,* 120 Wis. 281 (97 N. W. 940), at p. 284, *supra,* this state has always recognized as proper public policy the duty to accord to foreign corporations, by comity, full and complete privilege to exercise their corporate franchises within this state, except so far as limited by express legislation, nevertheless we feel that under the express legislative restrictions as to foreign corporations embodied in the legislation covered by sec. 1770*b et seq.* there is plainly indicated a public policy which authorizes and justifies a denial of the use of our courts to settle such a controversy as is here presented.

Under secs. 1770*b,* 1770*c,* and 1770*d,* Stats., the Dyckman Building Corporation, for default in obtaining a license, is absolutely prohibited from transacting any business in this state. Such legislative declaration of public policy is firmly established in this as well as many other states, and must be enforced though seemingly harsh in its results. *Phœnix N. Co. v. Trostel,* 166 Wis. 215, 218, 164 N. W. 995.

New York has established the same policy, except that contracts made in violation of their similar statute are voidable only and not void as with us. *Mahar v. Harrington Park Villa Sites,* 204 N. Y. 231, 234, 97 N. E. 587; *Bagdon v. Philadelphia & R. C. & I. Co.* 217 N. Y. 432, 436, 111 N. E. 1075. In that state also it is held that a foreign corporation must be engaged in business within that state in order for the courts to exercise jurisdiction over it (*Tauza v. Susquehanna C. Co.* 220 N. Y. 259, 268, 115 N. E. 915); and while it is recognized that there may be discretionary power in a court to entertain jurisdiction in suits between

nonresidents where the subject matter is a tort, yet it is held that there is no such discretionary power as to causes of action affecting property or property rights. *Davis v. Julius Kessler Co.* 118 Misc. 292, 194 N. Y. Supp. 9. That state also, by statute, limits the right to sue foreign corporations. *Robinson v. Oceanic Steam Nav. Co.* 112 N. Y. 315, 19 N. E. 625.

There being therefore no absolute right in the foreign corporation, Dyckman Building Corporation, as there would be in a citizen of this state or an individual nonresident litigant, to here sue a New York corporation upon the situation in this record presented, we deem it proper to declare that the court below should not proceed further with such litigation. There being here no substantial reason shown why this action should be permitted it ought not to be permitted. *Petition of Inland Steel Co.* 174 Wis. 140, 144, 182 N. W. 917.

*By the Court.*—Writ of prohibition granted as prayed for.