State ex rel. Sloan Seed Co. v. Wickham, 184 Wis. 74.

---

STATE EX REL. SLOAN SEED COMPANY, Petitioner, vs. WICKHAM, Circuit Judge, Respondent.

*April 12—May 6, 1924.*

*Corporations: Actions between foreign corporations: Garnishment: Jurisdiction of court.*

Under sec. 226.11, Stats. 1923, a California corporation may be sued by a Montana corporation in Wisconsin, where credits or property in a substantial amount of the defendant within Wisconsin are garnished; and the pendency of similar actions subsequently commenced in Montana and other states where defendant had property sufficient to satisfy any judgment obtained does not require a dismissal of the action.  p. 76.

APPLICATION to this court for a peremptory writ of prohibition. *Writ denied.*

November 12, 1923, the Great Western Seed Company, a Montana corporation, doing business there but not licensed to do business in this state, commenced an action in the circuit court for Chippewa county, asserting three several claims for damages, exceeding in all $100,000, against the *Sloan Seed Company,* petitioner here, a California corporation, licensed to do and doing a large business in Montana. At the same time and thereafter it caused garnishee proceedings to be instituted against Wisconsin parties in Milwaukee county and elsewhere, and it appears that property or credits in excess of $30,000 became thus subject to further proceedings.

December 15, 1923, an action upon the same claims was commenced in Montana with attachment proceedings, all still pending. Subsequently a similar action was brought in Idaho, and again in Indiana.

February 15, 1924, after a general appearance, a verified petition was made by the *Sloan Seed Company* in the said circuit court to have the action dismissed. February 28, 1924, the Great Western Seed Company was duly licensed to transact business in this state.

Upon the petition being denied, an alternative writ of prohibition was here issued to the circuit judge, to which he made return. The *Sloan Seed Company* demurred to such return, and the circuit judge moved that the writ be quashed.

For the petitioner there was a brief by *Stover & Stover* of Milwaukee, and oral argument by *Daniel G. Stover.*

For the defendant there was a brief by *Farr & MacLeod* of Eau Claire, and oral argument by *Arthur W. MacLeod.*

ESCHWEILER, J. Many grounds are alleged by the petitioner, the defendant in the circuit court, why these two

foreign corporations should be prohibited from requiring the courts of this state, at the expense of this state, to settle their disputes concerning contracts made, and which contemplated performance, outside of this state. It is urged that the action is here brought to purposely and unnecessarily harass and annoy; to cause great hardship in the obtaining of testimony; that ample remedy and relief can be had in Montana, where an action is now pending, and where, as it is stated, the *Sloan Seed Company* has ample property to satisfy all these demands; that the plaintiff below was not licensed to transact business in this state; and that, inasmuch as it is alleged that by statute the courts of Montana would not permit an action there under similar circumstances, a just reciprocity or comity should in this state now bar the gate to its courts.

The impounding by the garnishee proceedings of credits or property within Wisconsin to be possibly ultimately applied to any judgment obtained by the Great Western Seed Company against the petitioner sufficiently and substantially differentiates this case from that of *State ex rel. Goldwyn D. Corp. v. Gehrz,* 181 Wis. 238, 194 N. W. 418, where under the facts there shown we held that our courts should not be burdened with an action concerning a lease of New York real estate.

Sec. 226.11, Stats., expressly provides that foreign corporations may use our courts to obtain redress. The same rule would hold independent of statute. *Chicago T. & T. Co. v. Bashford,* 120 Wis. 281, 97 N. W. 940; *American F. P. Co. v. American M. Co.* 151 Wis. 385, 396, 138 N. W. 1123; *Kentucky F. Corp. v. Paramount A. E. Corp.* 262 U. S. 544, 43 Sup. Ct. 636.

Many of the grounds here urged by petitioner were held unavailing where it was sought to restrain a citizen of this state from prosecuting an action in Minnesota for a personal injury in Wisconsin. *Chicago, M. & St. P. R. Co. v. McGinley,* 175 Wis. 565, 185 N. W. 218.

That other and subsequent actions involving the same causes of action are pending in other jurisdictions might well support pleas in abatement in those other jurisdictions, yet they cannot of themselves defeat the right to continue the action first started here.

Finding no abuse of discretion, we cannot interfere with the circuit court.

*By the Court.*—Writ denied.