BUCKINGHAM RADIO CORPORATION, Respondent, vs. PERSION FURNITURE CO., INC., Appellant.

*November 8—December 7, 1926.*

*Corporations: Unlicensed foreign corporations: Contracts: Action to restore possession of property wrongfully detained: Landlord claiming goods because of breach of lease.*

1. Where a furniture company rented display space in its store to a radio corporation which furnished the radios and a sales force under a contract by which the former was to receive twenty per cent. of the net sales in lieu of rent, but that the latter was to retain title to the radios, the furniture company could not retain possession of the radios in order to satisfy a claim for damages under the contract. p. 393.
2. The failure of the radio corporation to take out a license to do business in this state, as required by sec. 226.02, Stats., does not prevent it from maintaining replevin for the radios against the furniture company, which claimed the right to their possession because of a breach of its contract. p. 393.
3. An unlicensed foreign corporation may maintain a tort action in Wisconsin and may bring an action in replevin, which is a personal action *ex delicto,* to restore possession of property which is wrongfully taken or detained. p. 394.
4. In replevin by the radio corporation to recover possession of the radios, evidence that it had defaulted in its contract with the furniture company was properly excluded as immaterial. p. 394.

APPEAL from a judgment of the circuit court for Milwaukee county: GUSTAVE G. GEHRZ, Circuit Judge. *Affirmed.*

Action in replevin by the plaintiff, *Buckingham Radio Corporation,* to recover possession of property held by the defendant, *Persion Furniture Company.* From a judgment for the plaintiff defendant appeals.

The parties to this action entered into a contract whereby the defendant *Furniture Company* set aside a certain space in its store for the display and sale of radios manufactured by the plaintiff *Radio Corporation,* for which the *Furniture Company* was to receive twenty per cent. of the net sales price of all radios sold, with a guaranty that the amount received by the *Furniture Company* would not be less than $2,400 a year. No other rent or charge was to be paid by the *Radio Corporation* for the use of this space. The *Radio Corporation* agreed to keep a stock of radios on sale and to maintain at its own expense solicitors and salesmen and a service department for the sale and service of its radios. The contract provided "that the title in and to such products of the *Radio Company* shall be and remain in the *Radio Company* until the sale thereof."

*Morris Podell* of Milwaukee, for the appellant.

For the respondent there was a brief by *Michael Levin* of Milwaukee, attorney, and *Samuels, Lawton & Wittelle* and *Herbert H. Scheier,* of counsel, all of Chicago, and oral argument by *Mr. Levin.*

STEVENS, J.    1. The contract contains no provision that gives the defendant *Furniture Company* any right to the possession of the radios here in question. On the contrary, the provisions of the contract evidence a very clear intent on the part of the parties thereto that the ownership of the radios and the right to the possession thereof was at all times up to the date of sale to a customer to

remain in the *Radio Corporation*. The *Furniture Company* had no right to take the law into its own hands and to retain possession of the radios in order to satisfy any claim for any damage which it may have sustained because the *Radio Corporation* breached its contract.

2. The *Radio Corporation* had not been licensed to do business in Wisconsin as required by sec. 226.02 of the Statutes. Undoubtedly the *Radio Corporation* was transacting business in Wisconsin contrary to the provisions of this statute because it was selling radios from a stock which it maintained in defendant's store. But plaintiff's violation of the statute did not give the defendant the right to retain possession of the radios. When an unlicensed foreign corporation has the title and the right to the possession of property situate in Wisconsin it may maintain replevin to recover the same. *Wolf Co. v. Kutch*, 147 Wis. 209, 214, 132 N. W. 981.

"It should be borne in mind that this is an action in tort for the recovery of the possession of property confessedly belonging to the plaintiff, after proper demand had been made therefor. The authorities are uniform in holding that replevin is a personal action *ex delicto*, brought to recover goods unlawfully taken or detained. Unless the statute says so, the noncompliance by a foreign corporation with the terms and conditions upon which the domestic law allows it to enter the state and do business will not preclude it, or any one claiming through it, from maintaining an action which is purely *ex delicto*. . . .

"While our courts will not enforce the prohibited contract, they will take notice of the circumstances, and, if justice requires it, restore the plaintiff's property received by the defendant under such void contract. . . . Relief is never denied on such ground unless the maintenance of the suit would necessarily result in giving force and effect to the void contract, or unless the contract itself is tainted with fraud or immorality." *Rex Beach Pictures Co. v. Harry I. Garson Productions*, 209 Mich. 692, 703, 706, 177 N. W. 254, 258, 259.

There is nothing in the Wisconsin Statutes which precludes an unlicensed foreign corporation from maintaining a tort action.

The failure of a foreign corporation to secure a license to do business in Wisconsin does not place it outside the protection of the law so that residents of this state may take possession of and hold its property without legal right so to do. When its property is wrongfully taken or detained the courts of this state will entertain a suit to restore possession to the rightful owner. To hold otherwise would be to practically sanction the confiscation of the property of unlicensed foreign corporations by residents of Wisconsin.

3. No error was committed in excluding the evidence tending to show that the *Radio Corporation* had failed to do the things required of it by the contract. By the express terms of sec. 226.02, sub. (10), the defendant may maintain an action to enforce liability on the part of the plaintiff company because of its failure to perform its contract. But that issue is not presented in this case, and proof that there was such default in the performance of the contract is not material in this action because it can in no way affect plaintiff's right to the possession of its property.

*By the Court.*—Judgment affirmed.