State ex rel. Ætna Insurance Company and others, Petitioners, vs. Chester A. Fowler, Circuit Judge, Defendant.

*May 15—June 18, 1928.*

452

The cause was submitted for the petitioners on the brief of *Shaw, Muskat & Sullivan* of Milwaukee, and for the defendant Chester A. Fowler and the Art Wall Paper Company (plaintiff below) on that of *Richmond, Jackman, Wilkie & Toebaas* of Madison, attorneys, and *Julius Moses* of Chicago, of counsel.

ESCHWEILER, J. The grounds upon which the petitioners challenge the right to exercise or the propriety of exercising

jurisdiction by the circuit court for Fond du Lac county in an action brought by an Illinois corporation, not then licensed to do business in this state, against several insurance companies not organized under the laws of this state but licensed under sec. 201.38, Stats., to do business here, to recover on policies of fire insurance taken out by the plaintiff, an Illinois corporation, upon its property there, are in substance these two:

(1) That the statute, sec. 201.38 (2), under which such foreign insurance companies licensed to do business here make the commissioner of insurance their agent for the service of process upon them, are not applicable here; and

(2) That even if such service be valid, that nevertheless, and on the grounds of public policy, such a foreign plaintiff should not be permitted to use the courts of this state, at the consequent expense to its taxpayers and the possible interference with or delay to their lawsuits, to prosecute here a cause of action based upon an alleged breach of contract and for which cause such foreign corporation can obtain relief in the courts of Illinois.

There is no claim made that any of the defendants so sought to be brought within the jurisdiction of our courts is in an unsound financial condition or has not adequate assets to meet the claims of the assured if sued in the state of Illinois.

All of the insurance companies named in the summons, other than one, have complied with the provisions of sec. 201.38, found in ch. 201, regulating insurance corporations; the material provisions, on the question here presented, being par. (b) of sub. (2) thereof, providing, "such insurer [i. e. foreign insurance corporation] shall also appoint, in writing, the commissioner of insurance and his successors in office to be its true and lawful attorney upon whom all legal process in any action or proceeding against it may be served, and in such writing shall agree that any legal process against

it which is served on said attorney shall be of the same legal force and validity as if served on the insurer, *and that such authority shall continue in force so long as there is any liability outstanding against the insurer in this state whether the license of such insurer to do business in this state shall remain in force or shall be revoked or otherwise terminated"* (the italics are ours); and also,

(c) "Service upon such attorney shall be deemed sufficient service for all purposes upon the principal, and shall be as effectual for all purposes as though made upon a corporation or other insurer existing under the laws of this state."

In connection with this statute the petitioners call attention to certain provisions found in ch. 262, entitled "Manner of commencing civil actions," and particularly sec. 262.09, providing that actions against corporations shall be commenced in the same manner as personal actions against natural persons; and

(9) "If against any insurance corporation not organized under the laws of this state, to the agent or attorney thereof having authority therefor by appointment under the provisions of section 201.38" (*supra*), and providing further that it may be served on any agent soliciting, transmitting applications for, collecting or receiving premiums, adjusting, settling or paying losses for such a company, etc.

In the same sec. 262.09 is also found:

(13) "If against any other foreign corporation, to any such officer being within the state, or to any agent having charge of or conducting any business therefor in this state, or any trustee or assignee of such corporation, or upon the secretary of state, as provided in section 226.02. But such service can be made upon a foreign corporation only either when it has property within the state or the cause of action arose therein, or the cause of action exists in favor of a resident of the state, and upon the secretary of state only when the cause of action arises out of business transacted in this state or when the defendant has property therein."

It is now argued that, considering the above quoted statutes together, there should be read out of them a declaration that it is the public policy of this state that all foreign corporations, including foreign insurance corporations, are only to be subject to service upon the commissioner of insurance as the authorized agent of the insurance corporations and the secretary of state as to all other foreign corporations only, when, as is expressly declared in the statutory provisions last above quoted, it either has property within the state, or the cause of action arose therein or exists in favor of the resident of a state, and that it should be held that such express limitation so found in sec. 262.09 (13), *supra,* should apply in logic and reason, if not by express language, to a situation such as is here presented where the plaintiff is a nonresident and the cause of action arose without the state and in no wise concerns any property of the defendants within the state, and that therefore there was here no valid service of process.

Under the broad and general power that each state has of prescribing the conditions upon which any foreign corporation may be permitted to come within the borders of the state to transact business, the state has the undoubted power to prescribe the conditions under which foreign insurance companies may be permitted to do business here, and even though such conditions are different from those prescribed as to foreign corporations engaged in other lines of business.

That the business of life and fire insurance as it is being carried on at the present day and for many years past is so charged with the public interest that it is subject to reasonable state regulations is beyond question. *Fire Dept. of Milwaukee v. Helfenstein,* 16 Wis. 136, 140; *Swing v. Western L. Co.* 205 U. S. 275, 278, 27 Sup. Ct. 497; note in 49 A. L. R. 740.

It is also held by the United States supreme court that the proper leaning in cases of doubt should require a holding that

such statutes regulating service on foreign corporations are not intended to apply to causes of action not arising in the business done by such corporations in the particular state. *Missouri Pac. R. Co. v. Clarendon Boat Oar Co.* 257 U. S. 533, 535, 42 Sup. Ct. 210, and cases there cited.

But where, as here, we have a special law relating to insurance corporations, both domestic and foreign (ch. 201), and where, as shown by the above cited statutes, the foreign insurance corporation desiring to do business as such in this state must give its consent that service upon the commissioner of insurance shall be as effectual for all purposes as though made upon an insurance corporation existing under the laws of this state, such statute, sec. 201.38 (2) (c), clearly puts the foreign insurance corporation outside of the general foreign corporation statute, sec. 262.09 (13), *supra.*

We therefore hold that such foreign insurance corporations are bound by their acceptance of such license to hold themselves amenable to the jurisdiction of our courts for a cause of action which may, no other provisions of law preventing, be properly brought against them for a cause of action arising outside of this state in favor of a person or corporation not a resident of this state or organized under its laws, and though the cause of action may not affect the property of such insurance corporation. A similar result was reached in *State ex rel. Pacific Mut. L. Ins. Co. v. Grimm,* 239 Mo. 135, 167, 143 S. W. 483, which is referred to in *Pennsylvania Fire Ins. Co. v. Gold Issue Min. & Mill. Co.* 243 U. S. 93, 37 Sup. Ct. 344, where a narrower question of statutory construction was presented.

This makes it unnecessary to determine whether the garnishment proceedings instituted against the local agents of the respective defendants having premiums in their hands due to such corporations would of itself give validity to the service of the process.

Decisions of other state courts, based as they are upon

statutes differing from ours in phraseology, we do not deem necessary to discuss though cited, such as *National Liberty Ins. Co. v. Trattner,* 173 Ark. 480, 292 S. W. 677; *Hunter v. Mutual Reserve Life Ins. Co.* 184 N. Y. 136, 76 N. E. 1072; *Chipman, Ltd. v. Thos. B. Jeffrey Co.* 251 U. S. 373, 40 Sup. Ct. 172.

The fact that the special provision in sec. 201.38 (2) (a) providing for a forfeiture of the license in case such an insurance corporation removes or attempts to remove an action into the federal courts is still retained therein though undoubtedly nugatory and void in view of the decision in *Terral v. Burke Const. Co.* 257 U. S. 529, 532, 42 Sup. Ct. 188, is immaterial, for such invalid provision is clearly separate and distinct from the other conditions now being considered and may be disregarded without affecting the other parts of the same section.

There being here no express statute forbidding the use of our courts for such a purpose, the question of the general power of a state to expressly close its forums to such outsiders is not now necessary for determination or for us to consider, such cases as *Sioux Remedy Co. v. Cope,* 235 U. S. 197, 203, 35 Sup. Ct. 57; *Kenney v. Supreme Lodge,* 252 U. S. 411, 40 Sup. Ct. 371.

On the second point above stated, the petitioners assert that this court should restrain the circuit court from assuming jurisdiction and proceeding to trial of the action so commenced on the ground that the plaintiff, being a foreign corporation, should be denied, on the broad ground of public policy, what as to it, as is here asserted, is at most a mere privilege or favor, namely, permission to resort to our courts for settlement of controversies not arising within this state, or in favor of a resident, and not concerning property within its borders. Had this suit been instituted by a nonresident individual insured under a similar situation as to the insur-

ance contracts and insured property, the courts of this state could not be closed to such a plaintiff any more than to a resident citizen of this state by the compelling force of sec. 2, art. IV, U. S. Const., providing: "Citizens of each state shall be entitled to all privileges and immunities of citizens in the several states." *Blake v. McClung,* 172 U. S. 239, 256, 43 Lawy. Ed. 432, 19 Sup. Ct. 165; *Herrmann v. Franklin Ice Cream Co.* 114 Neb. 468, 208 N. W. 141.

This constitutional provision, however, has by a long line of decisions been held as not applying to corporations. *Paul v. Virginia,* 8 Wall. (75 U. S.) 168, 177, as limited, however, in *Barron v. Burnside,* 121 U. S. 186, 197, 200, 7 Sup. Ct. 931; *Blake v. McClung,* 172 U. S. 239, 258, *supra; Waters-Pierce Oil Co. v. Texas,* 177 U. S. 28, 45, 20 Sup. Ct. 518; *Hemphill v. Orloff* (U. S.) 72 Lawy. Ed., Adv. Op. No. 15, page 653, 48 Sup. Ct. 577. And so it has been held that a corporation is not a citizen as that word is used in the Fourteenth amendment to the United States constitution. *Liberty W. Co. v. Burley T. G. Co-op. M. Asso.* (U. S.) 72 Lawy. Ed., Adv. Op. No. 7, page 292, 48 Sup. Ct. 291, 294; *Selover, Bates & Co. v. Walsh,* 226 U. S. 112, 126, 33 Sup. Ct. 69, although it has been consistently held since the adoption of that amendment in 1868 that the guarantees therein as to due process and equal protection of the laws are for corporations as well as individuals. *Kiley v. C., M. & St. P. R. Co.* 138 Wis. 215, 219, 119 N. W. 309, 120 N. W. 756; *Northwestern Mut. L. Ins. Co. v. State,* 163 Wis. 484, 490, 155 N. W. 609, 158 N. W. 328; *Nekoosa-Edwards P. Co. v. News Pub. Co.* 174 Wis. 107, 114, 182 N. W. 919; *Bethlehem Motors Corp. v. Flynt,* 256 U. S. 421, 424, 41 Sup. Ct. 571; *Terral v. Burke Const. Co.* 257 U. S. 529, 532, 42 Sup. Ct. 188; *Pierce v. Society of Sisters,* 268 U. S. 510, 535, 45 Sup. Ct. 571; *Frost & Frost Trucking Co. v. Railroad Comm.* 271 U. S. 583,

594, 46 Sup. Ct. 605; *Hanover F. Ins. Co. v. Carr,* 272 U. S. 494, 510, 71 Lawy. Ed. 372, 47 Sup. Ct. 179, 49 A. L. R. 713; *Power Mfg. Co. v. Saunders,* 274 U. S. 490, 493, 47 Sup. Ct. 678; *Wuchter v. Pizzutti* (U. S.) 72 Lawy. Ed., Adv. Op. No. 7, p. 313, 48 Sup. Ct. 259. That the meaning to be given to the word "citizen" may or may not include corporations is often dependent upon the context of the law where it is found, is illustrated in *Swiss Nat. Ins. Co. v. Miller,* 267 U. S. 42, 46, 45 Sup. Ct. 213.

Had this action, therefore, been brought by an individual after an assignment to him of the causes of action herein asserted, though such assignment were but for the purpose of collection, he would be under our statute, sec. 260.13, the real party in interest by whom an action can be properly maintained (where at least such an assignment does not cut off proper defenses), as has been held in *Chase v. Dodge,* 111 Wis. 70, 72, 86 N. W. 548; *Brossard v. Williams,* 114 Wis. 89, 90, 89 N. W. 832; *Hankwitz v. Barrett,* 143 Wis. 639, 643, 128 N. W. 430; *Opitz v. Karel,* 118 Wis. 527, 531, 95 N. W. 948; *Oconto Chamber of Commerce v. Grandall,* 175 Wis. 447, 449, 185 N. W. 544.

If, therefore, by the mere formality of an assignment of the several causes of action for the fire loss by the insured corporation to an individual, and he, clothed with the assignments merely, had sued these defendants, petitioners here, our courts would, by force of the United States constitution, have to be as open to him as to an individual resident, the question is then presented whether the public policy of this state requires that for lack of such formality and solely because the plaintiff is a foreign corporation this suit should be dismissed.

Sec. 226.11, Stats. (formerly sec. 3207), which has been in force since ch. 113, Laws of 1849, provides:

"226.11. *Suits by and against foreign; exception.* A corporation created by or under the laws of any other state

or country or of the United States may prosecute or defend an action or proceeding in the courts of this state in the same manner as corporations created under the laws of this state, except as otherwise specially prescribed by law. But such foreign corporation cannot maintain an action founded upon an act or upon any liability or obligation, express or implied, arising out of, or made, or entered into in consideration of any act which the laws of this state forbid a corporation or any association of individuals to do, without express authority of law."

While by its language this provision is not mandatory, yet the rule there declared has been repeatedly held by this court ample warrant for the granting of the privilege of using our courts to settle disputes between outsiders concerning rights claimed as arising from breach of contract. *Connecticut Mut. L. Ins. Co. v. Cross,* 18 Wis. 109, 112; *Charter Oak L. Ins. Co. v. Sawyer,* 44 Wis. 387, 388; *Chicago T. & T. Co. v. Bashford,* 120 Wis. 281, 284, 97 N. W. 940; *American F. P. Co. v. American M. Co.* 151 Wis. 385, 396, 138 N. W. 1123. It may maintain the *ex delicto* action of replevin for its property though without license to do business here. *Buckingham Radio Corp. v. Persion F. Co.* 191 Wis. 391, 394, 211 N. W. 269.

This section was expressly referred to as a ground for our refusing to restrain a circuit court from proceeding with litigation involving a foreign cause of action between foreign corporations in *State ex rel. Sloan Seed Co. v. Wickham,* 184 Wis. 74, 76, 198 N. W. 594. It was not cited to us by counsel or mentioned in the case of *State ex rel. Goldwyn Distributing Corp. v. Gehrz,* 181 Wis. 238, 194 N. W. 418, where this court denied to the plaintiff, a foreign non-complying corporation, the right to further proceed in the circuit court against a defendant foreign corporation for damages arising out of the leasing and occupancy of real estate in the city of New York. In *Petition of Inland Steel Co.* 174 Wis. 140, 182 N. W. 917, the circuit court for Douglas county

was restrained by writ from this court from proceeding further in an action brought by a nonresident individual plaintiff against a Minnesota corporation for a cause of action accruing in that state, but the record there disclosed that there had not been a proper statutory service of process.

The possible distinction between the right or privilege of a nonresident to resort to the courts of another state for redress where the cause of action is based upon an alleged breach of contract as distinguished from one claiming damages for a tort, is not necessary to here consider. The subject is discussed in *Gregonis v. Philadelphia & R. C. & I. Co.* 235 N. Y. 152, 160, 139 N. E. 223, 32 A. L. R. 1, and note p. 6; *Murnan v. Wabash R. Co.* 246 N. Y. 244, 248, 158 N. E. 508.

It is not necessary for us now and here to determine whether under the statute, sec. 226.11, above quoted, and our former decisions the Illinois corporation plaintiff below had an absolute right to use our courts for the trial of the issues with the foreign insurance corporations concerning its Illinois contracts and the breach thereof in Illinois, or whether it is a mere privilege that it is within judicial discretion to allow or deny. It is sufficient for the disposition of this petition to hold, as we do, that we find no abuse of judicial discretion in the entertaining of the lawsuit in the circuit court for Fond du Lac county, even though such question is one merely of privilege and the exercise of judicial discretion concerning it, and therefore that the application here by the defendant foreign insurance companies must be denied.

*By the Court.*—Petition for writ of prohibition denied.