STATE EX REL. SMITH and another, Petitioners, vs. BELDEN, Circuit Judge, Respondent.

*April 10—May 12, 1931.*

159

*Richmond, Jackman, Wilkie & Toebaas* of Madison, for the petitioners.

*Shaw, Muskat & Sullivan* of Milwaukee, for the respondent.

FOWLER, J. The action was brought for a writ to compel the Hon. E. B. BELDEN, Circuit Judge, to proceed to trial of actions pending in Kenosha county and was heard on a motion for a peremptory writ, based upon the petition and return.

The actions, nineteen in number, are to recover for fire losses and are against non-resident insurance companies upon policies issued by them. They all involve the same fire which occurred in Chicago. The plaintiff owners of the burned building are natural persons citizens and residents of Illinois and brought six actions. The other plaintiff is a corporation organized under the laws of Illinois that owned personal property situated in the burned building and brought thirteen actions. The plaintiffs are the relators herein. The cases were noticed for trial at the October 1930 term of the court, and the court at said term upon motion of plaintiffs ordered them to be tried together and fixed February 17, 1931, as the day of trial. At request of defendants, on account of absence of a witness, a stipulation approved by the court was entered into for postponement of

the trial and the cases went over to the March 1931 term. At the opening of that term the court of his own motion and without notice to the parties announced that it would not hear the cases and refused to proceed with the trial. Two other sets of like cases, totaling thirty-two in number, involving two other Chicago fires, are also pending in the trial court, but each set of these cases may under our practice and sec. 260.18, Stats., be consolidated for trial purposes into two trials. The reason for the court's refusal to proceed with the trials was that it conceived that it had discretion to refuse to entertain suits upon transitory actions arising outside the state brought by non-residents and foreign corporations and that the condition of the calendar and the public expense incident to the trials justified its refusal.

The motive of the trial court in refusing to proceed with the trials was entirely proper, and its discretion, if it had any, was properly exercised. The reasons laid by the plaintiffs for bringing their actions in Wisconsin, while they are ample to justify the plaintiffs in so doing if they may, clearly justify the trial court's refusal to proceed if it has discretion. These reasons are that if the plaintiffs resort to the Illinois courts for vindication of their rights they will be subjected under the Illinois law and practice to the delay and expense incident to nineteen separate trials, and that the calendars of the Illinois courts are so congested that there will be a long lapse of time before even the first of these trials may be reached. This being true, the advantage to Illinois residents who have suffered fire losses covered by insurance of resorting to the courts of Wisconsin, where as a rule trials may regularly be had promptly and where all suits on policies covering property involved in a single fire may be tried together, are manifest and may not unlikely throw upon the courts and people of Wisconsin the burden and expense of litigating a large number of actions on in-

surance policies covering property destroyed by fire occurring in Illinois. Avoidance of this, if possible, is highly desirable.

A similar situation was involved in *State ex rel. Ætna Ins. Co. v. Fowler,* 196 Wis. 451, 220 N. W. 534, wherein a writ of prohibition was sought to prevent the circuit court for Fond du Lac county from proceeding with like cases brought in that court. A motion to dismiss the cases was made in that court by the defendants, which the court denied. A writ of prohibition was forthwith sued out in this court. The peremptory writ was denied on the ground that the trial court might in its discretion entertain the cases and no abuse of discretion appeared. This court, although mentioning sec. 226.11, Stats., and cases decided without reference to it, considered it not necessary to determine whether the trial court had right to dismiss the action. That question or its equivalent, whether a trial court has right to refuse to entertain such actions as are involved, must now be determined.

We will consider: (1) Whether the relators who are natural persons have right to prosecute their actions; and (2) Whether the non-resident corporation has right to prosecute its actions.

(1) That the plaintiffs who are natural persons have the absolute right to prosecute their actions in the Wisconsin courts is ruled by *Eingartner v. Illinois Steel Co.* 94 Wis. 70, 68 N. W. 664. That action was brought in the superior court of Milwaukee county by a citizen of Illinois against an Illinois corporation to recover for personal injuries received in the defendant's rolling mill in the state of Illinois. It was there held that the action was a transitory action that arose in a sister state; that a citizen of Wisconsin has the absolute right to bring such an action in the courts of Wisconsin; and that as sec. 2 of art. IV of the

United States constitution provides that ":citizens of each. state shall be entitled to all privileges and immunities of citizens in the several states," the citizens (natural persons) of other states have the same right to sue in the courts of Wisconsin that citizens of Wisconsin have. This ruling of the *Eingartner Case* is cited with approval in *Thoen v. Harnstrom,* 98 Wis. 231, 233, 73 N. W. 1011; *MacCarthy v. Whitcomb,* 110 Wis. 113, 123, 85 N. W. 707, and *Bain v. Northern Pac. R. Co.* 120 Wis. 412, 416, 98 N. W. 241. That the constitutional provision gives the same right to prosecute suits in the courts of a state to citizens of a sister state that its own citizens have is held in a multitude of cases cited in notes in 70 L. R. A. 542 and 32 A. L. R. 12, 35. The actions involved being transitory, the relators F. H. Smith and Anna Smith have right to proceed with them.

(2) As the constitutional provision above cited does not apply to corporations (*Ætna Ins. Co. Case, supra,* p. 459), it does not follow from the above that the Perfection Furniture Company, a corporation of Illinois, has right to prosecute its actions. But that it has such right follows from statutory provisions of this state. It is for the legislature to declare the public policy of the state, and so far as the legislature has declared such policy it is not for the courts to run counter to it. Sec. 182.01 (2) empowers domestic corporations "to sue . . . in all actions and proceedings in its corporate name to the same extent as a natural person." Thus as under the *Eingartner Case* a natural person who is a citizen of Wisconsin would have right to sue on the policies in suit were he the insured, were a Wisconsin corporation the insured it would have such right. And as sec. 226.11 gives to corporations of a sister state, and to corporations organized in foreign countries, for that matter, the same right to sue that domestic corporations have, the

Perfection Furniture Company has the same right to sue as a Wisconsin corporation or any natural person non-resident or resident would have upon an insurance policy whose property covered thereby is located in Illinois. This statute is referred to in the *Ætna Case, supra,* pp. 460, 461. It is there pointed out that this statute was cited as ground for refusing to prohibit the circuit court for Eau Claire county from proceeding with a suit brought by a Montana corporation against a California corporation. *State ex rel. Sloan Seed Co. v. Wickham,* 184 Wis. 74, 198 N. W. 594. It is perhaps intimated in the *Ætna Case* opinion (p. 461) that the statute is not mandatory upon the Wisconsin courts. But the statute is directed to the corporations, not to the courts. While in its terms it is not mandatory upon corporations, but permissive, by being permissive as to the corporations it is by inference mandatory upon the courts. The courts must give to corporations such rights and privileges as the legislature has conferred upon them. The right of non-resident or foreign corporations to prosecute suits in the Wisconsin courts has been stated or held not to be absolute in three Wisconsin cases: *State ex rel. Goldwyn D. Corp. v. Gehrz,* 181 Wis. 238, 194 N. W. 418; *Disconto Gesellschaft v. Umbreit,* 127 Wis. 651, 106 N. W. 821; *Wyman v. Kimberly-Clark Co.* 93 Wis. 554, 559, 67 N. W. 932. But in none of these cases was sec. 226.11 considered. In view of that statute these cases are overruled so far as they conflict with it.

*By the Court.*—A peremptory writ will issue as prayed by the relators.