STATE EX REL. MCSTROUL and others, Respondents, vs. LUCAS, Police Justice, Appellant.

*September 10—October 14, 1947.*

*John C. Doerfer,* city attorney of West Allis, for the appellant.

For the respondents there was a brief by *Max Raskin,* attorney, and *William F. Quick* of counsel, both of Milwaukee, and oral argument by *Mr. Quick.*

FRITZ, J.  The ordinance of West Allis which petitioners are charged with violating reads:

Sec. 2.15—"Any person who shall be found intoxicated in the city of West Allis, or who shall expose his or her person in an indecent manner, or who shall make use of any vile, profane, vulgar or obscene language or use any loud, boisterous or insulting language tending to excite a breach of the peace; or who shall be guilty of any other disorderly conduct shall, upon conviction thereof, be punished by a fine of not less than one dollar nor more than one hundred dollars, and in default of payment thereof by imprisonment in the house of correction

of Milwaukee county for not less than five days nor more than thirty days, or by both such fine and imprisonment."

After the petitioners pleaded not guilty in the police court of West Allis, the police justice denied their demand for jury trials upon the ground that the alleged violations were triable in a summary manner without a jury. As is conceded by all of the parties in this action, the prosecutions under said ordinance sec. 2.15 are civil actions and not criminal actions. Sec. 17, art. VII, Wis. Const., reads:

"The style of all writs and process shall be, 'The state of Wisconsin;' all criminal prosecutions shall be carried on in the name and by the authority of the same. . . ."

And sec. 260.05, Stats., reads:

"Actions are of two kinds, civil and criminal. A criminal action is prosecuted by the state against a person charged with a public offense, for the punishment thereof. Every other is a civil action."

In relation to those constitutional and statutory provisions we said in *Waukesha v. Schessler*, 239 Wis. 82, 85, 300 N. W. 498,—

"Counsel for the city claims that the action [a prosecution for disorderly conduct in violation of an ordinance] is *quasi* criminal and seeks thereby to avoid the classification made by sec. 260.05, Stats., and the mandate of sec. 17, art. VII, of the constitution. But neither the constitutional provision nor the statute makes three classes of actions. By secs. 17 and 18 of art. VII of the constitution actions are referred to as 'criminal prosecutions' and 'civil suits,' and no other class is indicated. Sec. 260.05, Stats., specifically declares that there are only two classes of actions, civil and criminal. The latter are prosecuted by the state for punishment of a public offense. By the statute every other action is necessarily a civil action. By no process of reasoning, nor by any subterfuge, can there be created a third class of actions, nor can any action except one prosecuted by the state be considered a criminal action."

See also *State v. Bartlett,* 35 Wis. 287, 293; *Milwaukee v. Johnson,* 192 Wis. 585, 213 N. W. 335; *Milwaukee v. Burns,* 225 Wis. 296, 274 N. W. 273. Consequently the question in this *mandamus* action is whether in a civil action for violations of the West Allis ordinance in relation to disorderly conduct a defendant is entitled to a jury trial when duly demanded by him.

The police court of West Allis was duly created by the city under sec. 62.24, Stats., sub. (2) (a) of which provides:

"*Jurisdiction.* (a) The police justice shall have the jurisdiction of a justice of the peace and exclusive jurisdiction of offenses against ordinances of the city;"

and sub. (3) (b) provides:

"The procedure shall be the same as is applicable to other justices of the peace, except as otherwise provided."

Therefore there are applicable the provisions in ch. 302, Stats., relating to procedure in justice court, including sec. 302.04, Stats., which provides:

"After issue joined and before the commencement of the trial, either party, on paying to the justice $12 to apply on jury fees may demand a jury trial; and a neglect to make such demand is a waiver of the right to trial by jury. . . ."

Consequently, as that provision is thus applicable, petitioners claim it governs the matter of their right to a jury trial in the actions against them for alleged disorderly conduct in violation of the ordinance.

However, on behalf of the police justice, the city attorney for West Allis contends (1) that although the prosecutions for the violations of the ordinances are civil actions, the defendants do not necessarily in such proceedings have a right to a trial by jury; (2) that not all civil actions require a trial by jury as a matter of right; (3) that although sec. 5, art. I, Wis. Const., provides—"The right of trial by jury shall re-

main inviolate, and shall extend to all cases at law without regard to the amount in controversy," this provision preserves the right of trial by jury in only such criminal or civil cases as were triable by a jury prior to its adoption, and where that right never existed in certain types of cases, it cannot "remain inviolate;" and the weight of authority supports this view, especially where the act complained of is recognized as in fact a petty one; (4) that any contentions to the contrary are disposed of in *Ogden v. Madison,* 111 Wis. 413, 87 N. W. 568, by the court's statement:

"When the peace and dignity of the state are being vindicated the constitution says the accused may have a jury trial. When some local municipal by-law has been invaded the constitutional guaranty does not apply." (p. 429.)

"We hold that this prosecution is for an offense against a mere police regulation for the good order of the city, for the collection of a penalty prescribed by the ordinance, and that the plaintiff in error was not entitled to a jury trial as a matter of right." (p. 430.)

(5) and that therefore the respondent in the *mandamus* action claims that this was and is the rule in Wisconsin.

On the other hand petitioners claim the decision in the *Ogden Case, supra,* is not necessarily in point because, after the defendant Ogden was denied a jury trial and convicted in the municipal court on a charge of keeping a house of ill fame, he appealed to the circuit court. There he was found guilty by a jury. Then he appealed to the supreme court and contended that having been denied a jury trial in the municipal court, the subsequent jury trial in the circuit court was also invalid. In relation to that contention the court said,—

(111 Wis. 430) "The statute (sec. 2517, S. & B. Ann. Stats.) empowers the municipal judge of Dane county to deal with this class of offenders in the manner he did with the plaintiff in error. There is a most respectable line of decisions holding that, even if the law providing for summary proceedings without a jury is invalid, yet if the defendant is entitled

on an appeal to a trial by jury, and there be no unreasonable limitation connected with the appeal, the constitutional provisions are satisfied."

As in the prosecution against the petitioners herein there has not been any such subsequent jury trial and conviction in the circuit court, the latter portion of the decision last quoted is not in point in this case. But it is more important to note that the decision in the *Ogden Case, supra,* is likewise not in point because of the material distinction between, on the one hand, the above-quoted provisions in sub. (2) (a) and sub. (3) (b) of sec. 62.24, Stats., and in sec. 302.04, Stats., in relation to the jurisdiction of the police court of West Allis, and particularly in relation to the procedure therein as to the right to demand and have a trial by jury in all civil cases, and, on the other hand, the provisions in the statute (sec. 2517, S. & B. Anno. Stats.) applicable to the procedure in those respects in the municipal court of Dane county, in that it was expressly authorized by that statute to "hear and dispose of, *in a summary way,* all cases for violations of the ordinances and by-laws of said city which shall be brought before him, by police officers or otherwise, either with or without process." As there is no statute authorizing the police court of West Allis to proceed in such summary way, and that court as created must and can only proceed in the way prescribed in sub. (3) (b) of sec. 62.24, Stats., and in chs. 300, 301, and 302, Stats., including, as particularly applicable in this case, the provision in sec. 302.04, Stats., giving either party the right to demand and have a jury trial in a civil action, the police court erred in denying petitioners' demand for a jury trial.

In this case it is conceded by all parties that the ordinance, which petitioners were charged with violating, is not void by reason of the fact that, in stating the penalty which may be imposed for a violation thereof, it is provided that the penalty therefor may also be "by both such fine and imprisonment." In thus purporting to authorize imprisonment otherwise than

as merely an alternative device to be resorted to only in the event of default in payment of an imposed fine and in order to enforce collection thereof, the ordinance would be void because such imposition of solely imprisonment would constitute an attempt on the part of a municipality to create a crime. If that had been intended, the enactment of the ordinance would be beyond the powers of the municipality and therefore the ordinance would be invalid for the reasons stated in *State ex rel. Keefe v. Schmiege, ante,* p. 79, 85, 28 N. W. (2d) 345. However, in respect to that final clause "or by both such fine *and* imprisonment," which is in the ordinance, it is clearly evident from all of the other provisions of the ordinance, standing alone independently of the invalid clause, that such other provisions constitute a complete and valid ordinance by which the legislative intent and purposes thereof can be accomplished, and that they are separable provisions and were probably intended to stand even if said final clause is invalid; and that as there is no basis for considering that clause the inducement to or compensation for the balance of the ordinance, its other valid provisions are not invalidated by that clause. See *State ex rel. Cornish v. Tuttle,* 53 Wis. 45, 51, 9 N. W. 791; *Quiggle v. Herman,* 131 Wis. 379, 383, 111 N. W. 479; *State v. Lloyd,* 152 Wis. 24, 31, 139 N. W. 514; *State v. Pierce,* 163 Wis. 615, 621, 158 N. W. 696; *State ex rel. Cronkhite v. Belden,* 193 Wis. 145, 150, 211 N. W. 916, 214 N. W. 460; *State ex rel. Ætna Ins. Co. v. Fowler,* 196 Wis. 451, 220 N. W. 534; *State ex rel. Reynolds v. Sande,* 205 Wis. 495, 238 N. W. 504; *Stierle v. Rohmeyer,* 218 Wis. 149, 167, 168, 260 N. W. 647; *State ex rel. Wisconsin Tel. Co. v. Henry,* 218 Wis. 302, 316, 260 N. W. 486; *Weco Products Co. v. Reed Drug Co.* 225 Wis. 474, 491, 492, 274 N. W. 426; *State ex rel. Wisconsin Dev. Authority v. Dammann,* 228 Wis. 147, 199, 277 N. W. 278, 280 N. W. 698.

It follows that the circuit court's judgment must be affirmed.

*By the Court.*—Judgment affirmed.