*T. J. Merrifield* and *W. H. Calkins*, for appellant.

*H. A. Gillett*, for appellee.

---

ADLER and Others *v.* SEWELL and Others.

BILL OF EXCEPTIONS.—CROSS ERRORS.—Where the court below has, upon notice and motion, ordered its record to be so amended as to show the filing of a bill of exceptions within the time allowed, the appellee must assign cross error upon this action of the court, or the Supreme Court will take the record as it stands, and treat the bill of exceptions as properly in the record.

VENDOR AND PURCHASER.—EVIDENCE.—Suit by A and others against B and others to recover the possession of real estate. The complaint alleged title in A, for himself, and as trustee for his co-plaintiffs. The title of the plaintiffs was derived through a sheriff's sale upon a decree in favor of C, against D and E, for a balance of purchase money, C having before that time sold the land by title bond to D and E. After the decree was taken, B became replevin bail, and before sale A took an assignment of the decree, and became the purchaser at the sheriff's sale. On the trial, the defendant offered to prove an assignment of the title bond to B, before decree, and notice thereof to A, but the evidence was rejected.

*Held*, that the evidence should have been admitted.

*Held*, also, that by becoming replevin bail upon the decree, B did not subject his equitable title in the premises to sale upon the decree.

*Held*, also, that as A sued as the trustee of an express trust, a recovery by him would be of all the property, and that an instruction that the finding must be for all the plaintiffs, or for the defendants, was properly refused.

SHERIFF'S SALES.—RENTS AND PROFITS.—In selling real estate, consisting of several parcels, the sheriff is only required to offer the rents and profits of each parcel, before offering the fee of that lot or parcel.

APPEAL from the *Vermillion* Circuit Court.

This was an action by *William C. B. Sewell* and others, against *Lewis Adler* and others, to recover the possession of

real property. The complaint alleged title in *Sewell,* for himself, and as trustee for his co-plaintiffs. The title of the plaintiffs was derived through a sheriff's sale of the property, under a decree in favor of *Daniel Yandes* against *Levi Adler* and *Jacob Alshuler*, in the *Fountain* Circuit Court, for the sale of the property to pay a balance of purchase money, *Yandes* having before that time sold the land by title bond to *Levi Adler* and *Alshuler*. On the decree, *David Adler* became replevin bail. At the time of suing out execution, the plaintiff, *Sewell*, was the assignee of this decree, and became one of the purchasers at the sale. The plaintiffs answered by the general denial.

The venue was changed from the *Fountain* to the *Vermillion* Circuit Court, where there was a trial by jury, and a verdict for the plaintiffs *Sewell, George Wilder, Atwood* and *Barnes*, and against the plaintiffs *Kent, David Wilder, Dyer* and *Cane*. The defendants moved for a new trial, first, for error of law occurring at the trial, and excepted to by the defendants, in refusing to admit in evidence the title bond of *Daniel Yandes* to *Levi Adler* and *Jacob Alshuler*, and the assignment thereon to the defendant, *David Adler*, and the evidence offered as to the payment of a part of the purchase money of the lots in question by *David Adler* to *Daniel Yandes*, and notice to the plaintiff *Sewell* of such assignment, before his purchase of the lots in question, and also for error in giving and refusing instructions.

RAY, J.—The appellee objects to the consideration of the paper contained in the record, and styled a bill of exceptions, on the ground that the original transcript did not contain any evidence that the same was signed within the time allowed by the court. The return, however, to a *certiorari*, shows that the court, upon notice to the appellee, and on motion, ordered its record to be so amended as to state this fact. This amendment, it is claimed, is erroneous. But still it has been made and is now part of the record, and as the appellee has not presented this action of the

court for review, by an assignment of cross-error, we cannot consider the objection.

The evidence offered by the appellants to prove the assignment of the title bond to *David Adler*, and notice to *Yandes*, before the beginning of the action by *Yandes* against *Levi Adler* and *Alshuler*, was, we think, improperly rejected. The evidence showed that *David Adler* was not a party to the decree. The fact that he became replevin bail after the entry of the decree did not make his equitable title subject to sale under the decree, but only renders his property subject to execution so liable. 2 G. & H., § 427, p. 235.

The proceedings of the sheriff in the execution of the decree, in subjecting the property first to sale, as directed, to satisfy the judgment, was simply carrying out so much of the decree as went against the land, *in rem*. It could only operate against the interest of those who were parties to the judgment, as a judgment *in rem*. In the execution of that part of the decree, the sheriff could only sell the interest of those persons in the land who were parties to the decree when it was rendered. So far the judgment was personal, and in the execution of that part of the judgment, the property of the replevin bail, like that of his principal, was liable, so far as such property could be reached by execution. The evidence offered, therefore, tended to establish an equitable title in *David Adler*, which would defeat the action, and it should have been admitted.

The instructions asked by the appellant in regard to the duty of the sheriff in offering the rents and profits of the entire lands levied upon, where they consisted of several lots, or subdivisions, were correctly refused. The statute provides that the interest of the judgment debtor in any real estate shall not be sold until the rents and profits thereof for a term not exceeding seven years shall first have been offered for sale. This simply requires the offer of the rents and profits of each several lot before offering the fee of that particular lot for sale. Any other construction might often deprive the execution defendant of the use

and enjoyment of all his property for a term of years, when the sale of a small portion of it would discharge the debt. So of the demand upon the court to instruct the jury that the finding must be for all of the plaintiffs, or for the defendants. The complaint discloses that *Sewell* held the legal title, in his own right, and as trustee of an express trust in favor of his co-plaintiffs. He was, therefore, entitled to recover the entire property from the defendants, if his claim was well founded. He was not required to make his *cestuis que trust* parties, and the fact that they all united in the allegation that he was entitled to recover was a matter of little importance to the defendants. If he recovered, by virtue of his title in fee, it was a recovery of all the property. When that result was reached, all interest of the defendants in the question was ended in that court. The court committed no error in refusing the instructions asked.

For the error in rejecting the evidence offered, the judgment is reversed, with costs, and the cause remanded for further proceedings, in accordance with this opinion.

GREGORY, C. J., having been of counsel, was absent.

*R. P. Davidson* and *R. P. DeHart*, for appellants.

*W. H. Mallory*, for appellees.