SWITZER, Administrator, Respondent, vs. WEINER, Administratrix, and another, Appellants.

*February 9—March 7, 1939.*

For the appellants there was a brief by *Jeffris, Mouat, Oestreich, Wood & Cunningham* of Janesville, and oral argument by *Otto A. Oestreich*.

For the respondent there was a brief by *Nolan, Dougherty, Grubb & Ryan* of Janesville, and oral argument by *Stanley M. Ryan* and *William H. Dougherty*.

ROSENBERRY, C. J. On February 20, 1937, William Arvin, James Gardner, and Robert Thompson left Beloit in Arvin's car. On the way to Rockford, Illinois, at South Beloit, they picked up Boyd Switzer, who lived at Marengo, Illinois, about twenty miles directly east of Rockford. The distance from Rockford to Beloit is approximately eighteen miles. About three and one-half miles south of Beloit is Rockton, where the parties stopped for a glass of beer, and at which place they evidently spent some time. The day was a foggy and misty one. On the way to Rockford they overtook Charles and Janette Hathaway, brother and sister, who were walking to Rockford. They were invited to ride, and got into the rear seat of the coach, the sister sitting on her brother's lap. This was upon the invitation of Arvin. Five or six minutes later, and after traveling about five miles, the car crashed into a telephone pole, and as a result Arvin, Switzer, and Robert Thompson were killed. The jury found that Arvin was guilty of wilful and wanton misconduct in respect to excessive speed, proper lookout, keeping his car under control, under the circumstances in attempting to pass an automobile going in the same direction, and driving his automobile while under the influence of in-

toxicating liquor. They found that each and all of these acts of wilful and wanton misconduct were a proximate cause of the injuries to plaintiff's intestate. The following question was submitted to the jury:

"In placing himself in the care of Arvin by remaining in his automobile and riding with him in the condition Arvin was in and under all the circumstances in evidence, did Boyd Switzer acquiesce in the operation of said automobile by Arvin in the condition he was in?"

Answer by the jury: "Yes."

Upon this appeal two principal questions are raised: (1) Did Boyd Switzer by acquiescence and placing himself in the care of the intoxicated driver Arvin, the deceased, bar recovery in this action? (2) Inasmuch as the jury found that the conduct which resulted in the accident was wilful and wanton misconduct, was the loss covered by the policy of insurance by which the insurance company agreed—

"to pay on behalf of the assured all sums which the assured shall become obligated to pay by reason of the liability imposed upon him by law for damages . . . sustained by any person or persons, caused by accident and arising out of the ownership, maintenance or use of the automobile?"

The accident happened in the state of Illinois, and the liability of the parties is therefore to be determined in accordance with the law of the state of Illinois. The plaintiff in his complaint set out the statutory law of Illinois relating to damages being secs. 1 and 2 of ch. 70, Smith-Hurd Illinois Annotated Stats., and sec. 58a of ch. 95½ of said statutes, but made no allegation respecting the common law of the state of Illinois, nor was any proof offered upon the trial with respect to the common law of the state of Illinois. The courts of this state take judicial notice of the statutes of the United States and of all the states and territories thereof (sec. 328.01, Wis. Stats.). This, however, does not apply to the common law. If a party claims that his rights are to

be determined in accordance with the law of another state, the law of that state must be pleaded and proven as any other fact; otherwise the common law of the state where the injury occurred will be presumed to be the same as the law of the forum. *De Lorenzo v. Supreme Lodge, Knights of Pythias* (1936), 222 Wis. 141, 148, 268 N. W. 217; *Jensen v. Jensen* (1938), 228 Wis. 77, 279 N. W. 628. See also 3 Beale, Conflict of Laws, § 621.4. There being no allegation in the pleadings as to the law of the state of Illinois, and no proof in respect thereto, the questions raised should be determined in accordance with the law of the state of Wisconsin.

It appears that under the common law of the state of Illinois the doctrine of assumption of risk does not obtain, at least not under the same nomenclature as is employed in the state of Wisconsin. In this state it has been held that the doctrine of assumption of risk does not obtain except where there is a contractual relationship between the parties. *Knauer v. Joseph Schlitz Brewing Co.* (1914) 159 Wis. 7, 149 N. W. 494. That case was decided in 1914, and since that time it has been modified and to some extent the doctrine has been expanded. In *Haines v. Duffy* (1931), 206 Wis. 193, 196, 240 N. W. 152, which involves the law of host and guest, it was said:

"The rule is that the host owes to the guest the duty of not increasing the danger or creating a new one naturally resulting from the acceptance by the guest of the invitation extended by the host. Where the invitation is to take an automobile ride, the guest is warranted in assuming that the host will not drive at a reckless or unlawful rate of speed. However, it may suit the pleasure of both the host and guest to drive at a high rate of speed. Where this results with the acquiescence of the guest, the guest is not permitted to recover from the host. This is not because the guest is, strictly speaking, guilty of contributory negligence, or any negligence, but rather because the guest has acquiesced in the conduct of the host, and it would be against reason and justice

to permit a recovery against the host under such circumstances."

While the relation of guest and host is not contractual, it is consensual. The element of consideration essential in the integration of a contract is lacking. Because of its consensual character the relation of host and guest is subject to the rules of law relating to assumption of risk. The doctrine has now become well established in automobile cases. *Scory v. LaFave* (1934), 215 Wis. 21, 254 N. W. 643; *Kauth v. Landsverk* (1937), 224 Wis. 554, 271 N. W. 841.

Upon this appeal defendants contend that although in the state of Illinois the doctrine of assumption of risk is not recognized under that name, that what is called "assumption of risk" in the state of Wisconsin, is a form of contributory negligence in Illinois, and cite cases to sustain their contention. If the defendants' contention is sound then the issues were not properly submitted to the jury if the issues are to be determined in accordance with the law of the state of Illinois. Acquiescence logically relates itself to assumption of risk rather than to contributory negligence as it is defined in Wisconsin. Upon this appeal both the plaintiff and the defendants cite Illinois cases. Under the law of Illinois if contributory negligence rises to the point of wanton and wilful misconduct it is a defense in an action such as this one. The court in its instructions to the jury apparently defined the term wilful and wanton misconduct in accordance with the law of the state of Illinois. No instructions were given with respect to what is meant by assumption of risk. If we now proceed to determine this matter upon the present record it is quite evident that a miscarriage of justice may well result. We shall be obliged on the record as it stands to apply the common law of the state of Wisconsin when the case was in fact tried under the common law of the state of Illinois. The confused and indefinite state of the record

makes it impossible for this court to say with certainty under what law the case was actually tried and submitted to the jury. In this court both parties attempt to sustain their respective positions by reference to decisions of the court of the state of Illinois. This would indicate that both the plaintiff and the defendants were of the view that that law controlled. Upon the whole record it is considered that in the interest of justice and a fair trial, the judgment should be reversed, and cause remanded with directions to the trial court to grant a new trial. Upon a new trial the defects in the record already pointed out should be properly disposed of.

*By the Court.*—The judgment appealed from is reversed, and the cause remanded for a new trial.