BOURESTOM, Respondent, vs. BOURESTOM, Appellant.

*March 9—June 21, 1939.*

For the appellant there were briefs by *Crawford & Crawford* of Superior, attorneys, and *Abbott, MacPherran, Dancer, Gilbert & Doan* of Duluth, Minnesota, of counsel, and oral argument by *Raymond A. Crawford* and *J. R. Zuger* of Duluth.

For the respondent there were briefs by *Donald A. Rock* of Superior, attorney, and *Benjamin W. Pass* of Duluth, Minnesota, of counsel, and oral argument by *Mr. Rock*.

The following opinion was filed April 11, 1939:

FAIRCHILD, J.  Neither the plaintiff nor the defendant is domiciled in Wisconsin. It appears that the parties were and are living together as husband and wife in Duluth, Minnesota. The accident occurred in Oklahoma, while the parties with some friends were on an automobile trip. In Minnesota a wife cannot maintain an action in tort against her husband. *Woltman v. Woltman* (1922), 153 Minn. 217, 189 N. W. 1022. The rule is otherwise in Wisconsin. *Wait v. Pierce* (1926), 191 Wis. 202, 209 N. W. 475, 210 N. W. 822; *Fontaine v. Fontaine* (1931), 205 Wis. 570, 238 N. W. 410.

It is urged by the defendant that as a matter of public policy the courts of Wisconsin should refuse to take jurisdiction of the present action, both because the state should not be burdened with the expense of trial and because the

plaintiff could not maintain the action in the state of her domicile. But the cause of action is transitory and citizens of other states have the same right to bring such an action here as citizens of Wisconsin have. Sec. 2, art. IV, U. S. Const. Under the rule of the Wisconsin cases, the trial court could not refuse to take jurisdiction. *Eingartner v. Illinois Steel Co.* (1896) 94 Wis. 70, 68 N. W. 664; *State ex rel. Smith v. Belden* (1931), 205 Wis. 158, 236 N. W. 542; *Sheehan v. Lewis* (1935), 218 Wis. 588, 260 N. W. 633.

By their special verdict, the jury found that the defendant failed to exercise ordinary care with respect to, (1) speed; (2) lookout; (3) distance between his car and the car ahead; and (4) increasing the danger or adding to the risk which the plaintiff assumed when she entered the car. The principal contention of the defendant is that Mary Bourestom is barred from recovery because she had assumed the risk of her husband's negligence as to speed and as to following too closely. It is also contended that negligence as to lookout was not a cause of the accident.

The term "assumption of risk" has caused some difficulty and perhaps a happier phrase might be coined, but it is conveniently used in referring to the duty of the host not to increase the hazard assumed by the guest when entering the car, and the responsibility of the guest to refuse hospitality if he knows of careless habits or fixed defects which make the host an unsafe driver. The guest who voluntarily takes a chance on known dangers in preference to renouncing the benefits of the relationship which he creates by entering the car, must himself bear the consequences when he is injured by reason of a known danger. *Switzer v. Weiner* (1939), 230 Wis. 599, 284 N. W. 509.

In the present case, the jury found that the defendant failed to use ordinary care with respect to the speed at which he drove and the distance behind the next car. There was submitted to the jury the question, "As the defendant, Norman Bourestom, approached the place of collision, did

he fail to use ordinary care by increasing the danger or adding to the risks which plaintiff, Mary Bourestom, assumed when she entered the car, in respect to Norman Bourestom's management and control of his car?" The court properly instructed the jury that the guest accepts whatever risk attends the degree of proficiency the host has acquired as a driver, and such usual and customary habits of driving as the guest may be familiar with from former experience. The jury found that Norman Bourestom did add to the risk assumed, and that the plaintiff's injury resulted. Since this question was not broken down into the three elements of negligence found in the other questions of the verdict, it is necessary to examine the record in order to determine whether the jury could find that the defendant's negligence in any one respect was a cause of the accident, and that in that respect the risk was not assumed by the plaintiff.

There is no evidence in the record to sustain the finding that failure as to lookout was a cause of the accident. The plaintiff admits that as the car ahead swerved and she saw the lights of the oncoming car, the accident happened in a flash. Mr. Lyon and the defendant gave similar testimony. Bourestom testified that he heard his wife scream before he saw the headlights, but the plaintiff's scream and the defendant's discovery of the invading car must have been practically simultaneous, and because of the proximity of the cars to each other at the first instant when the danger could be discovered, it is evident that there was not time to apply the brakes or to turn the car aside. The plaintiff, who was seated on the right-hand side of the car, would naturally be able to see the lights of the invader before it was possible for her husband to see them from his position at the wheel. The testimony of Mr. Lyon, who was on the right in the front seat, is typical of all the testimony on this point. He was asked:

"*Q.* Tell me what happened just before the accident occurred? *A.* Well, when we got up to this car, got kind of close to it, this car swerved to the left.

"*Q.* Which car? *A.* The car ahead of us swerved to the left and before we knew it just as he swerved, why we hit something."

Since there was no failure of lookout, the action cannot be maintained unless either speed or following too close to another car was a cause of the accident, and even if one or the other was a cause, the plaintiff cannot recover if she had assumed the risk of the particular cause which operated.

With respect to following too closely the case is controlled by the doctrine of *Byerly v. Thorpe* (1936), 221 Wis. 28, 33, 265 N. W. 76. In that case the defendant was attempting to pass another car when a left rear tire suddenly became deflated. The court said:

"There is no finding, and the evidence would not admit of any finding, that there was any negligence on Thorpe's part in respect to the tire or the sudden and unexpected puncturing and deflation thereof. That was clearly an unavoidable accident which was not the result of any negligence on Thorpe's part. Even if he was negligent prior to, or up to the time of, the deflation of the tire, in driving at an excessive speed, or in following at that speed as closely as twenty-five or thirty feet behind Dippel's car, or in not turning to the left sooner in order to pass that car, the real and efficient cause of the collision was, obviously, that accidental and unavoidable deflation of the tire which intervened and was due to matters or conditions which were not under Thorpe's control or the consequence of any negligence on his part. Under those circumstances, Thorpe is not liable for the damages caused by that intervening and unavoidable accident."

Until the defendant saw the headlights of the approaching car, he had a right to assume that no one would suddenly and without warning invade his side of the highway. He was not obliged to drive with the expectation that a car would suddenly enter the wrong side of the road, any more than he would be expected to anticipate that a tree might be felled across his path. It was his duty to drive in such a way

as to be able to avoid another vehicle lawfully upon his side of the highway, and if he had become involved in a collision with such a vehicle, it may be that his following too closely another car might have been regarded as a cause. But the defendant cannot be held liable because of what might have happened. It is considered that under the circumstances existing, following too closely was not a cause of the accident.

On the question whether speed was a cause of the accident, there may be some distinction between the present case and *Byerly v. Thorpe*. But there was no issue of fact for the jury on the question whether Mary Bourestom had assumed the risk of speed. She testified that her husband was a fast driver, and that she had cautioned him many times about driving too fast. She voluntarily entered into the host-guest relationship and accepted the benefits to be derived therefrom, knowing of that danger, and she had, therefore, consented to assume the risk of her husband's known habit. Her protests on the evening of the accident were unavailing to relieve her from her assumption of the risk known to her when she entered the car. Having accepted the hospitality proffered by her husband, she cannot complain of the consequences. *Markovich v. Schlafke* (1939), 230 Wis. 639, 284 N. W. 516.

The plaintiff's motion for review is directed at a ruling of the trial court that the question of assumption of risk is not necessarily for the jury in all cases. The plaintiff contends that because of a provision of the Oklahoma constitution, this court is without power to disturb the finding of the jury on assumption of risk. But the provision which the plaintiff relies upon, sec. 6, art. 23, Okla. Const., clearly relates to procedure, as to which the law of the forum controls. When the evidence on the question of assumption of risk presents an issue of fact, that issue is for the jury, but where as on the question of assumption of the risk of speed in the present case, the facts are clearly proven and there is no real dispute

in the evidence bearing on that question, it is for the court to say as a matter of law that the plaintiff assumed that risk.

*By the Court.*—Judgment reversed, and cause remanded with directions to enter judgment dismissing the plaintiff's complaint.

Fowler, J. (*dissenting*). The trial jury in the instant case found that the injuries for which the plaintiff seeks recovery were proximately caused by the defendant Bourestom in driving his automobile on a highway too close behind a preceding car. The opinion of the court rests its decision on the proposition that there was no causal connection between the defendant's so driving his car and the infliction of plaintiff's injuries. To this proposition I cannot assent.

The statement of facts preceding the opinion recites that: "For a distance of about a mile Bourestom followed another car, waiting for a chance to pass." The driver of the car ahead turned suddenly to the left to avoid a car directly in front of it headed toward it. The defendant had not seen this car because the car ahead obstructed his view of it. Bourestom testified that the car ahead was traveling fifty or sixty miles per hour, and that when it turned to the left as above stated he was a "little more than fifteen or twenty feet behind" it,—"my best judgment would be between twenty and thirty feet." As the car ahead turned to the left the defendant smashed into the car in front of it. He had no time to apply brakes or turn aside to avoid hitting this car, which was apparently just starting up and moving slowly.

This to me spells causal negligence as found by the jury. If this is not causal negligence I fail to see how following too closely ever can constitute such negligence, and sec. 85.32 (1), Stats., contemplates that so following may be such negligence. The statute cited reads:

"The operator of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having

due regard for the speed of such vehicle and the traffic upon and the condition of the highway."

I find no Oklahoma statute expressly so providing, but the statute cited only expresses a common-law rule of ordinary care in driving, which is applicable in Oklahoma by sec. 10221–2, Anno. Stats. A less dangerous situation of following than the instant one because of a speed of only ten miles per hour was involved in *Meyer v. Neidhoefer & Co.* 213 Wis. 389, 251 N. W. 237, wherein it was held that whether the following there involved was too close and causal was a jury question. In that case a gravel truck was traveling south closely following a malt truck. A streetcar was coming from the north. The malt truck shut off the view of the streetcar from the driver of the gravel truck. A delivery truck came from the west on an intersecting street to turn south. Double-parked cars prevented the driver from turning directly south on his right side of the street and he turned left across the streetcar tracks directly ahead of the malt truck. The driver of the malt truck turned left to avoid the delivery truck. Both these trucks barely missed the streetcar. As the malt truck turned left, the gravel truck was too close to it to avoid hitting the malt truck by stopping, and was obliged to turn left to avoid hitting it, and in doing so the gravel truck collided with the streetcar and injured a passenger therein. The drivers of the streetcar and the malt truck were concededly free from negligence. The driver of the delivery truck was found by the jury to have been causally negligent. The trial court had directed judgment against the owner of the gravel truck on the ground that the driver was causally negligent for following the malt truck too closely. This court, Mr. Justice FAIRCHILD writing the opinion, reversed the case for a new trial on the ground that the question of the causal negligence of the driver of the gravel truck was for the jury. The negligence of the driver of the delivery truck in invading his left side of the street

caused the injuries complained of in that case, but his negligent invasion was held not to avoid the result of negligence of the driver of the gravel truck in following the màlt truck too closely if he was negligent. No more should the negligent invasion of the defendant's side of the road by the driver of the car with which defendant collided relieve the defendant from his negligence in too closely following the preceding car.

The purpose of holding a trailing driver to a proper distance is to keep him in position to stop or so control his car as to prevent him from doing injury because of the action of the car ahead, whatever be the cause of that action, and regardless of whether that action results from something being in the road ahead of the preceding car as a result of negligence of a third person or independent of negligence of anybody.

The opinion attempts to support its view that following too closely was not causative by citing and quoting from the opinion of this court in *Byerly v. Thorpe,* 221 Wis. 28, 265 N. W. 76. That case to my mind is not in point for two reasons—the driver of the trailing car was in the act of passing the car ahead and the injuries involved were manifestly caused by the sudden deflation of a tire on the passing car, and the injuries followed entirely independent of the action of the preceding car.

Assuming the opinion of the court to be correct in all other respects, if there was causal connection between the defendant's following the preceding car too closely, as in my opinion the evidence establishes and the jury found, the judgment of the circuit court should be affirmed.

A motion for a rehearing was denied, with $25 costs, on June 21, 1939.