PIERCE *v.* CLEMENS.

[No. 16,990.   Filed February 24, 1943.]

*Walter O. Crisman* and *Edward J. Ryan,* both of Valparaiso, and *William J. Reed* and *Paul E. Reed,* both of Knox, for appellant.

*Fred A. Egan* and *John Stanton,* both of Gary, for appellee.

DRAPER, J.—The appellee brought suit against the appellant alleging that the appellee was a guest rider in an automobile owned and driven by the appellant; that the appellant stopped the vehicle and requested

appellee to drive which he accordingly did; that thereafter the appellant without warning wantonly, willfully and with reckless disregard of the rights of appellee pulled open the throttle on the instrument panel of said vehicle thereby causing its speed to accelerate to such an extent that appellee lost control of the vehicle, as a result of which it left the pavement and crashed into a truck parked along side the roadway, thus causing the appellee serious and permanent injuries.

Issues were joined by the filing of an answer in general denial. Trial by jury and verdict for appellee.

The only error assigned is the overruling of appellant's motion for a new trial, which contains thirteen specifications, the first and second being in effect that the court erred in overruling the defendant's motion for a directed verdict at the close of all of the evidence; the third through the eleventh being that the court refused to give certain requested instructions; the twelfth being that the verdict of the jury is not sustained by sufficient evidence and the thirteenth, that the verdict of the jury is contrary to law.

The complaint was prepared and the cause proceeded throughout on the theory that the appellee before he could recover in this case must bring himself within the provisions of the so-called "guest statute" (Acts 1937, ch. 259, § 47-1021, Burns' 1933) and that theory will be adhered to on appeal.

The evidence is highly conflicting. That most favorable to the appellee discloses that the appellee and the appellant set out on a hunting trip with two other friends, Beckwith and Dust, on the early morning of November 5, 1939, in the appellant's Plymouth automobile. On the way appellee and Beckwith purchased a pint of whiskey. Arriving at their destination, a distance of about sixty-five miles, the party built a blind

and the appellee and Beckwith each took a small drink from the bottle and left. When they returned the bottle was practically empty. Their quest for game being almost entirely unproductive, they started home but stopped in a nearby town and each had two or three steins of beer. Continuing their journey, the appellant drove uncomfortably close to an approaching automobile and was admonished by his companions. Shortly thereafter they were accosted by two state policemen who refused to permit the appellant to continue to drive, whereupon with the consent of the appellant, the appellee took the wheel and drove a short distance to another town, where they had lunch and more beer. The appellee had five bottles of beer in less than an hour. They continued with appellee driving and appellant beside him, Beckwith and Dust in the rear. Thereafter the appellant twice pulled out the throttle causing an acceleration of speed and was admonished by the appellee. Before that the appellant had pushed the gear shift into neutral and at another time had pulled on the emergency brake, all while the automobile was in motion and within forty to forty-five miles of the scene of the accident. They finally approached a ten degree curve about four hundred feet in length with about a ninety degree change in direction, while going about forty to forty-five miles an hour. A Ford was ahead of them just before they reached the curve and another automobile preceded the Ford and was already in the curve. As they passed the Ford at fifty-five to sixty miles per hour, the appellant said: "Come on, step on it," and moved forward in his seat. In order to pass the Ford appellee got pretty close to the car ahead and put on the brakes to keep from "ramming" into it. He removed his foot from the accelerator but the car did not slow down. He applied the foot brakes

and lost control of the automobile which went off the road to the right, then off the road to the left three hundred to five hundred feet through a field of soft ground, knocking down a sign supported by 6 x 8 inch timbers and into a truck, moving the truck sideways eight or ten feet. Both appellant and appellee were seriously injured.

Dust and Beckwith, testifying for appellee, said that when the appellee undertook to pass the Ford, there was another automobile approaching from the opposite direction. Dust testified that it was about two hundred to three hundred feet away and that they had to hurry to get out of its way. Beckwith testified that appellee was driving sixty-five to seventy miles per hour when he started around the Ford. Other testimony put his speed there at seventy to seventy-five miles per hour. There was also testimony to the effect that after the accident the appellant and appellee each smelled strongly of alcohol. It further appears that while in the hospital, the appellee told the appellant that the throttle was out and the appellant said he did not remember pulling it out. The appellant testified that the automobile was in good order and that the foot accelerator had never stuck. Both appellant and apellee denied pulling out the throttle.

The appellee points out that the appellant's brief does not in all respects comply with the rules governing the preparation thereof. It is with the greatest reluctance that the court refuses to pass upon the merits of a case because of defects in the brief, but this should not be considered as excusing compliance with the rules which seem to present no difficulties to the average practitioner, *Slinkard* v. *Hunter* (1936), 209 Ind. 475, 199 N. E. 560.

The brief in our opinion shows a good-faith effort

to comply with the rules however, and therefore the merits of the case have been considered.

The appellee next contends that no question is presented by this appeal for the reason that no appeal was prayed at the time of the ruling on the motion for a new trial, that no bill of exceptions was filed during that term, and no time for the filing thereof beyond the term was granted, and the record as originally filed bears out that contention. However, the record as corrected by the clerk's return to writ of *certiorari* discloses that the motion for new trial was finally overruled on January 19, 1942, and that all bills of exceptions were filed during that (January) term. The appellee says that the record in this case could not be corrected by *nunc pro tunc* entry for the reason that there was no original entry to correct and that parol evidence alone is not sufficient to justify such action. But there is no bill of exceptions in the record containing either the motion for *nunc pro tunc* entry or the evidence introduced in support thereof, and we must therefore presume that the action of the trial court in making the order was justified. *The Salem-Bedford Stone Company* v. *O'Brien* (1898), 150 Ind. 656, 49 N. E. 457; *Terre Haute Brewing Co.* v. *Ward* (1914), 56 Ind. App. 155, 102 N. E. 395, 105 N. E. 58. Moreover the objection urged by the appellee cannot be considered for the reason that he has not presented the action of the trial court for review by an assignment of cross-errors. *Ehrman* v. *Miller* (1935), 100 Ind. App. 123, 191 N. E. 184; *Lowrance* v. *Lowrance* (1932), 95 Ind. App. 345; 182 N. E. 273; *Adler and Others* v. *Sewell and Others* (1868), 29 Ind. 598. We therefore hold that the bills of exceptions are properly in the record.

The appellant contends that his motion to direct a

verdict in his favor should have been sustained for the reason that the evidence was not sufficient to go to the jury upon the question of willful or wanton misconduct on the part of the appellant; that the evidence conclusively shows that the sole proximate cause of appellee's injuries was his own negligent operation of the automobile and that the uncontradicted evidence shows that the appellee assumed the risk of injury.

The question as to whether the accident was caused by the wanton or willful misconduct of the defendant should be left to the jury in all cases where there is any conflict in the evidence or where different inferences from the testimony given might be reasonably drawn. Yet the case should be submitted under instructions which clearly and simply inform the jury that there must be something more than negligent conduct to justify recovery. *Coconower* v. *Stoddard* (1933), 96 Ind. App. 287, 182 N. E. 466.

This case went to the jury under instructions either tendered by appellant or given by the court without objection, wherein the court defined wilful or wanton misconduct and required the appellee to prove such conduct before he could recover and no question has been raised as to the sufficiency of those instructions. It appears to us that the evidence in this case can reasonably be interpreted as tending to prove wanton or willful misconduct on the part of appellant and the question therefore became one of fact for the jury to determine. *Blair* v. *May* (1939), 106 Ind. App. 599, 19 N. E. (2d) 490. We cannot say as a matter of law that the appellant was not guilty of wanton or willful misconduct proximately causing the appellee's injuries.

The driver of an automobile, be he host or guest, cannot recover from another for injuries resulting

solely from his own negligence any more than could either recover from another if, solely as the result of his own negligence, he sustained injuries by tumbling out of the automobile and into the roadway.

But under the evidence in this case the question as to whether negligent operation of the automobile by the appellee was the sole proximate cause of his injuries was one to be determined by the jury under appropriate instructions, and it was the duty of the appellant to tender proper instructions covering this phase of the case if he desired them to be given. *Standard Forgings Co.* v. *Saffel* (1911), 176 Ind. 417, 96 N. E. 321.

The question was not submitted to the jury and the appellant cannot now complain. We cannot say as a matter of law that a verdict should have been directed for the appellant for this assigned reason.

The appellant says that a verdict in his favor should have been directed for the reason that the uncontradicted evidence shows that the appellee assumed the risk of injury.

The doctrine of "assumed" risk or "incurred" risk is one that has been considered by our courts. In the case of *Indiana, etc., Oil Co.* v. *O'Brien* (1903), 160 Ind. 266, 272, 65 N. E. 918, 920, 66 N. E. 742, a personal injury case, the court discussed it at some length, and said at page 272:

> "This doctrine or principle, as asserted, is of universal application, and is not confined alone to cases where the relation of the parties is of a contractual nature. Therefore, independently of such relations, there may be in a case like the one at bar an element to the effect that the injured party by his acts in the premises is shown to have incurred or taken upon himself the risk incident to

a known and appreciated danger, and, if the facts disclose such a feature or element in the case, it should be recognized and treated accordingly, and not merely as one constituting contributory negligence."

And the court added that contributory negligence and incurring the risk of a known and appreciated danger are two independent and separate defenses which should not be confused with each other.

In the case of *The Pittsburgh, etc., Co.* v. *Hoffman* (1914), 57 Ind. App. 431, 439, 107 N. E. 315, 318, the court differentiates between "assumed" risk, "incurred" risk and contributory negligence and says:

"Where one voluntarily and knowingly places himself in a certain environment, or undertakes to use a certain instrumentality, and as a consequence receives an injury, his right to recover therefor may be defeated by the doctrine of the assumption of risk, where the contractual relation exists, or by the doctrine of incurred risk where the relation is noncontractual, even though he may have exercised due care for his own safety in the midst of such environment or in the actual use of such instrumentality. In the midst of such environment or in the actual use of such instrumentality, he may have proceeded negligently or omitted to exercise care for his own safety, and if as a consequence he suffers an injury the principle of contributory negligence would defeat his right to recover therefor. When either of the first two principles defeats an action brought to recover for an injury, it is because of the situation that the person involved voluntarily and knowingly assumes. Contributory negligence defeats him by reason of careless conduct in a given situation."

The court observes that "In all such cases, application of the maxim volenti non fit injuria 'that to which

a person consents is not deemed in law an injury,' may defeat a recovery," and adds that as to incurred risks the burden of pleading and proof is on the defendant but that facts showing that the risk was incurred may be proven under the general denial. It is true that our courts have more recently called it part of the doctrine of contributory negligence, *Parry Mfg. Co.* v. *Crull* (1914), 56 Ind. App. 77, 101 N. E. 756; *Cleveland, etc., R. Co.* v. *Lynn* (1912), 177 Ind. 311, 95 N. E. 577, 98 N. E. 67, but we believe that the distinction drawn between "assumed" risk, "incurred" risk and contributory negligence in the case of *The Pittsburgh, etc., R. Co.* v. *Hoffman, supra,* is logical and should be adhered to. Assumption of risk is not contributory negligence. *Schubring* v. *Weggen* (1940), 234 Wis. 517, 291 N. W. 788. It is different from and should not be confounded with acts or omissions amounting to contributory negligence which is not a defense to an action of this kind, or with acts or omissions amounting to contributory misconduct, either wanton or wilful, which is a defense to an action of this kind.

The doctrine of incurred risk has been recognized and applied in many cases involving actions under "guest" statutes in other jurisdictions. See Blashfield Cyclopedia of Automobile Law and Practice, Perm. Ed., Vol. IV, p. 328, § 2511, et seq., and the many cases cited. Whether one voluntarily places himself in a hazardous environment would of course depend upon the circumstances surrounding the particular case. As was said in the case of *Bourestom* v. *Bourestom* (1939), 231 Wis. 666, 670, 285 N. W. 426: "The guest who voluntarily takes a chance on known dangers in preference to renouncing the benefits of the relationship which he creates by entering the

car, must himself bear the consequences when he is injured by reason of a known danger," citing *Switzer* v. *Weiner* (1939), 230 Wis. 599, 284 N. W. 509. Where the evidence on the question of assumed or incurred risk presents an issue of fact, that issue is for the jury, but where there is no real dispute in the evidence bearing on that question, it is for the court to say as a matter of law that the plaintiff assumed or incurred that risk. *Bourestom* v. *Bourestom, supra.* In this case the appellant tendered no instructions on the subject and the question was not submitted to the jury. Under all of the evidence we cannot say as a matter of law that the appellee incurred the risk of the hazard producing his injuries.

The appellant complains of the refusal of the court to give his tendered instruction Number 4 which reads as follows:

> "I instruct you that if you should find from the evidence that the defendant pulled out the throttle of the car being driven by the plaintiff at a time and place remote from the time and place of the injuries complained of, that you cannot consider such fact if you find it to be a fact, in determining whether the defendant pulled out the throttle at the time and place of the injury complained of."

Our courts in determining whether one has been guilty of wanton or willful misconduct have considered the "course of conduct" involved and have not confined their inquiry to occurrences at the immediate time and place of the accident. *Armstrong* v. *Binzer* (1936), 102 Ind. App. 497, 199 N. E. 863; *Kahan* v. *Wecksler* (1938), 104 Ind. App. 673, 12 N. E. (2d) 998. The return trip undertaken by the parties was practically a continuous journey. The evidence justified the jury in believing that someone had pulled out the throttle and the fact that the appellant

had done it twice before on the same journey, the last time within about twenty miles of the scene of the accident, and while he was in the same or substantially the same physical and mental condition, might well show his proclivity to do it. It was a part of a continuing sequence of events and not a distinct and unconnected occurrence. We believe that this instruction was properly refused.

The appellant further complains of the court's refusal to give his tendered instruction Number 11, which was substantially the same as his tendered instruction Number 4. For the reasons given, we hold that it was not error for the court to refuse the appellant's tendered instruction Number 11.

The appellant complains of the refusal of the court to give his tendered instruction Number 9, which reads as follows:

"I instruct you that even though you should find from the evidence the defendant pulled out the throttle of the car operated by the plaintiff just before the collision, such act does not necessarily amount to wanton or wilful misconduct."

We are not prepared to concede that the pulling out of the throttle by the appellant under the circumstances surrounding this accident would not necessarily amount to wanton or willful misconduct. In our opinion the jury might well conclude that under the circumstances such act would and did amount to wanton or willful misconduct. Under the evidence in this case the instruction was improper and there was no error in refusing it.

The appellant complains of the refusal of the court to give his tendered instruction Number 18 which reads as follows:

"I instruct you that if you find from the evidence that the plaintiff was himself guilty of wanton or wilful misconduct which contributed directly and proximately to his own injury, then he cannot recover."

It has been held that contributory negligence on the part of the guest rider is no defense to an action under the so-called "guest statutes." *Hoeppner* v. *Saltzgaber* (1936), 102 Ind. App. 458, 200 N. E. 458, and see Vol. II Restatement of the Law of Torts, § 482 (1), but it has long been the law that where the plaintiff in an action for personal injuries based upon negligence is shown to have been guilty of negligence on his own part proximately contributing to his injuries he cannot recover even though the defendant was guilty of the negligence charged, for the reason that contributory negligence constitutes a complete defense, and we can conceive of no good reason why in an action based upon the wanton or willful misconduct of the defendant, the wanton or willful misconduct of the plaintiff himself proximately contributing to his own injury should not be a complete defense to his action. If the parties were, equally in the same class, to blame in producing the injury, neither can recover. *Spillers* v. *Griffin* (1918), 109 S. C. 78, 95 S. E. 133, L. R. A. 1918D, 1193; *Chester K. Hinkle* v. *Minneapolis, Anoka & Cayuna Range Railway Company* (1925), 162 Minn. 112, 202 N. W. 340, 41 A. L. R. 1377. It was the duty of the court to instruct the jury upon the appellant's theory of the case if there was any evidence in the record which would warrant such instructions. *Acme-Evans Co.* v. *Schnepf* (1938), 214 Ind. 394, 14 N. E. (2d) 561. The theory of this instruction was that the appellee was himself guilty of wanton or willful misconduct

which contributed proximately to his own injury, and in our opinion there is some evidence to support that theory. The evidence as to the speed at which the appellee was traveling, that he undertook to pass an automobile going in the same direction as he was entering a curve when another automobile closely preceded the car which he was undertaking to pass, the evidence that another automobile was approaching from the opposite direction two hundred or three hundred feet away, and that the appellee was driving in violation of one and perhaps two statutes governing the operation of automobiles as well as other circumstances appearing in the evidence, all supported the theory upon which this instruction was tendered. The instruction should have been given.

The appellant complains of the court's refusal to give his tendered instruction number 23 which instruction first quoted the statute which provides that it shall be unlawful for the driver or operator of any motor vehicle to pass or attempt to pass any other motor vehicle which is proceeding in the same direction, unless the person so desiring to pass has a clear and unobstructed view ahead for a distance of not less than five hundred (500) feet, and unless there is no motor vehicle approaching from the opposite direction and being within a distance of five hundred (500) feet of such person so desiring to pass, and then quoted the statute which provides that no person shall drive or operate a motor vehicle upon any public highway in this state at a speed greater or less than is reasonable or prudent, having regard to the width of the highway, the density of the traffic, the condition of the weather and the use of the highway, or so as to endanger the life or limb or injure the property of any person, and which instruction continued as follows:

"The violation of such statutes may, depending upon the surrounding facts and circumstances, constitute wanton or wilful misconduct and I instruct you that if you find from the evidence that the plaintiff herein violated either or both of the above statutes under such circumstances as would amount to wanton or wilful misconduct, and that such violation contributed directly and proximately to his own injury, then the plaintiff cannot recover."

What we have said with reference to appellant's tendered instruction number 18 is equally applicable to this instruction. It was within the issues and was adapted to the appellant's theory of the case which theory was supported by some evidence in the case.

There was some evidence that the appellee did violate one or both of these statutes under circumstances which might render him guilty of wanton or willful misconduct in the operation of the automobile which contributed proximately to his own injury. The instruction should have been given. *Kraning* v. *Taggart* (1936), 103 Ind. App. 62, 1 N. E. (2d) 689.

Because of the error of the court in refusing to give appellant's tendered instructions numbers 18 and 23 the judgment is reversed with instructions to sustain appellant's motion for new trial.

. NOTE.—Reported in 46 N. E. (2d) 836.