KRISOR et al. v. WATTS et al.

Civil Action No. 1624.

District Court, E. D. Wisconsin.

July 21, 1945.

Phoenix, Murphy & Heirich, of Chicago, Ill., and Jesse Habush, of Milwaukee, Wis., for plaintiffs.

Gerald P. Hayes and John Kluwin, both of Milwaukee, Wis., for defendants.

DUFFY, District Judge.

Plaintiffs were injured as a result of an automobile collision which occurred in the State of Illinois on September 14, 1942. Alleging negligence on the part of the defendants, an action for damages was commenced in this court, the complaint being filed on September 13, 1944. The summons, issued the same day, was served on defendant Watts on September 14, 1944, and upon defendant Ernst on November 17, 1944.

In their separate answers the defendants allege that the right of action asserted respectively by the plaintiffs is barred by the Wisconsin statute of limitations. Section 330.19(5), Wis.Stats. The matter before the court is plaintiffs' motions to strike said defense from each answer.

Section 330.19(5) of the Wisconsin Statutes provides that no action to recover damages for an injury to a person shall be maintained unless within two years after the happening of the event a notice in writing shall be served upon the person or corporation by whom it is claimed such damage was caused, or, if no such notice is given, then an action must be brought and a complaint actually served within two years after the happening of the event causing such damages. No notice was served or attempted in this case. Though the complaint was filed within the two year period, it was not served within that period, resulting in a failure to comply with the Wisconsin statute. The question, therefore is whether compliance was essential.

If the action had been brought in the Wisconsin State courts, it would be barred, the requirement of the statute being a condition precedent. Troschansky v. Milwaukee Electric Railway & Light Co., 110 Wis. 570, 86 N.W. 156. The Wisconsin courts have insisted upon a strict compliance. Voss v. Tittel, 219 Wis. 175, 262 N.W. 579.

A civil action is commenced in a United States district court by filing a complaint. Rule 3, F.R.C.P., 28 U.S.C.A. following section 723c. Such filing effects the commencement of the action for all purposes. Reynolds v. Needle, 77 U.S.App.D.C. 53, 132 F.2d 161; McGrier v. P. Ballantine and Sons, D.C., 44 F.Supp. 762; United States v. Spreckels, D.C., 50 F.Supp. 789. The filing of a complaint commences an action within the meaning of that term in a statute of limitation. Gallagher v. Carroll, D.C., 27 F.Supp. 568.

846

Pursuant to Rule 3, F.R.C.P., this action was "commenced" within the two year period. This rule has the force of law and is as binding as a statute (Hicks v. Bekins Moving & Storage Co., 9 Cir., 115 F.2d 406), and cannot be abrogated or diminished by the exercise of State power through statute or otherwise. Williams v. Powers, 6 Cir., 135 F.2d 153.

In Switzer v. Weiner, 230 Wis. 599, 601, 284 N.W. 509, 510, the court said: "The accident happened in the state of Illinois and the liability of the parties is therefore to be determined in accordance with the law of the state of Illinois. * * *"

Section 15, Chapter 83, Smith-Hurd Annotated Statutes of Illinois provides: "Actions for damages for an injury to the person, * * * shall be commenced within two years next after the cause of action accrued."

Holding as I do that the Wisconsin statute is not applicable, the motions of the plaintiffs, to strike that portion of each answer based upon said statute, will be granted.