VILLAGE OF BAYSIDE, Respondent, v. BRUNER, Appellant.

*January 2—January 31, 1967.*

---

[9] *Supra,* footnote 4.

534

For the appellant there was a brief by *Schroeder, Gedlen & Riester,* attorneys, and *David B. Weber* of counsel, all of Milwaukee, and oral argument by *Martin B. Gedlen.*

For the respondent there was a brief by *Suel O. Arnold,* attorney, and *James P. O'Neill* of counsel, both of Milwaukee, and oral argument by *Mr. O'Neill.*

HEFFERNAN, J. In general, the appellant contends that conviction for drunken driving, even though charged under a village ordinance, carries with it such opprobrium that the defendant should be entitled to the protection afforded in a criminal trial. Specifically, he contends that the jury should have been instructed that guilt could only be established by proof beyond a reasonable doubt, that the defendant could not be called adversely by the village attorney, and that the jury should have been instructed that a unanimous verdict was required rather than the five-sixths verdict used in civil cases.

We need not repeat the rationale of the recent cases that clearly disprove the defendant's contention. Suffice it to say that the prosecution for the violation of a municipal ordinance, which defendant contends is a criminal action, has been established, beyond peradventure, as a civil action.

Sec. 260.05, Stats., provides in part that, "A criminal action is prosecuted by the state against a person charged with a public offense, for the punishment thereof. Every other is a civil action."

Sec. 939.12, Stats., provides in part that, "Conduct punishable only by a forfeiture is not a crime."

Sec. 66.12 (1) (a), Stats., provides in part that, "An action for violation of a city or village ordinance, resolution or bylaw is a civil action."

As a civil action, a forfeiture procedure is one in which the rules of civil, not criminal, procedure apply. *Oshkosh v. Lloyd* (1949), 255 Wis. 601, 603, 39 N. W. (2d) 772;

*Appleton v. Sauer* (1956), 271 Wis. 614, 617, 74 N. W. (2d) 167; *South Milwaukee v. Schantzen* (1950), 258 Wis. 41, 43, 44 N. W. (2d) 628.

*Is proof beyond a reasonable doubt required in a forfeiture action?*

Certain procedures of the criminal law have been adopted in the prosecution of forfeitures, but only to the extent stated in sec. 66.12, Stats. Some of the procedures that have been adopted by statute are the issuance of a warrant, the holding for trial in the absence of bail, and we pointed out in *Milwaukee v. Wuky* (1965), 26 Wis. (2d) 555, 562, 133 N. W. (2d) 356, that a verdict of guilty rather than a special verdict was applicable in a forfeiture action, in that sec. 66.12 (1) (a) expressly provides that a "plea of not guilty shall put all matters in such case at issue." Hence, it is apparent that criminal procedures are applicable to a forfeiture action only to the extent that the legislature has directed.

We have, also, concluded that a municipal ordinance violation, which if based upon conduct which if complained of by the state would be criminal, was similar to a civil fraud, which requires the middle burden of proof, that of "clear, satisfactory, and convincing evidence." *Madison v. Geier* (1965), 27 Wis. (2d) 687, 692, 135 N. W. (2d) 761. That case settled all doubt that might theretofore have existed that the middle burden of proof as stated in Wisconsin Jury Instruction—Criminal 2050 must be applied to *all* forfeiture actions when acts constituting the ordinance violation also constitute a crime under the state statutes. *Geier, supra,* page 693. The acts charged under the village ordinance of Bayside would constitute criminal acts under the state statute, and the jury was properly instructed by the trial judge.[1]

---

[1] The defendant implies that upon a subsequent conviction within five years for violation of this ordinance he would be made

*Was it error for village to call defendant
adversely in a forfeiture action?*

We conclude that it is not. The discussion above emphasizes the essentially civil nature of the action. In *Neenah v. Alsteen* (1966), 30 Wis. (2d) 596, 142 N. W. (2d) 232, we concluded that the police officer of the city was subject to a pretrial adverse examination under sec. 326.12, Stats. (now renumbered as sec. 887.12). The rationale set forth at length therein can lead only to the conclusion that the defendant may be called and examined adversely at trial. We have so held in *Milwaukee v. Burns* (1937), 225 Wis. 296, 299, 274 N. W. 273, which we cited with approval in *Alsteen, supra. Milwaukee v. Burns* pointed out, however, that the defendant could assert his Fifth amendment constitutional right against self-incrimination and could refuse to testify. The court properly overruled the objection which was interposed when the defendant was called by the village.[2]

*Was the defendant entitled to a unanimous verdict?*

While the jury herein was unanimous in its finding of guilt, the defendant claims that it should have been

liable by the terms of sec. 346.65 (2) to a mandatory jail sentence and, therefore, he is entitled to the criminal instruction. This subsection provides:

"Any person violating s. 346.63 (1) may be fined not more than $200 or imprisoned not more than 6 months or both for the first offense and, upon the second or subsequent conviction within 5 years, shall be imprisoned not less than 5 days nor more than one year and in addition may be fined not more than $200."

By its terms it requires conviction for a violation of sec. 346.63 (1) before it applies and, hence, the argument is without merit.

[2] The defendant claims, in some way not apparent to this court, that his rights under *Miranda v. Arizona* (1966), 384 U. S. 436, 86 Sup. Ct. 1602, 16 L. Ed. (2d) 694, were violated. His contention seems to be that the doctrine of *Miranda* should be extended to the courtroom to prohibit his being called adversely. This is,

instructed that unanimity was required as in a criminal case. The judge, however, instructed that a five-sixths verdict was sufficient to convict. Again, this hinges upon whether the action is civil or criminal. We pointed out in *State ex rel. McStroul v. Lucas* (1947), 251 Wis. 285, 289, 29 N. W. (2d) 73, where it was conceded that the ordinance violation proceeding for drunken driving was a civil action, that the statutory provisions for jury trial of civil cases were applicable. We conclude that the form of the jury verdict in this case is governed by the statute pertaining to juries in civil cases. Sec. 270.25, Stats., provides in part that, "A verdict agreed to by five-sixths of the jurors shall be the verdict of the jury." The defendant was entitled to a five-sixths verdict, not a unanimous one.

*By the Court.*—Judgment affirmed.

---

of course, "the world turned upside down," for *Miranda* is an attempt to extend some of the courtroom safeguards, particularly the Fifth amendment right against self-incrimination, to custodial interrogation. When the defendant was called at trial, he was represented by an attorney and was fully aware of his Fifth amendment right not to testify. He chose to testify. The *Miranda Case*, however, has absolutely nothing to do with courtroom procedure *per se.* Insofar as he contends that *Miranda* is applicable to his custodial interrogation, it should be noted that the defendant was allowed to consult an attorney promptly upon being placed in custody and prior to interrogation and that his wife was with him during the questioning. We need not decide whether such measures to protect the defendant were sufficient, for *Miranda* is not pertinent to the facts of this case, for it is an exclusionary rule to be invoked in a criminal action by motion to suppress statements or confessions obtained in violation of the defendant's Fifth amendment rights.