City of Sheboygan, Plaintiff-Respondent,
v.
Joseph P. Ross, Defendant-Appellant.
No. 04-0086.
Court of Appeals of Wisconsin.
Opinion Filed: March 9, 2005.
¶1 SNYDER, J.[1]
Joseph P. Ross[2] appeals from an order denying his motion to vacate a default judgment to a municipal disorderly conduct violation. We affirm the judgment and order of the circuit court.
¶2 The procedural history is undisputed. On July 16, 2003, City of Sheboygan Officer Douglas Hall issued a disorderly conduct citation to Ross for a violation of CITY OF SHEBOYGAN, WIS., ORDINANCE § 70-151. Ross appeared pro se on August 5, 2003, entered a plea of not guilty, and the circuit court ordered the matter be scheduled for a bench trial. On August 27, 2003, Ross filed two motions that were heard by the court on September 8, 2003.[3]
¶3 Ross's pretrial motions, as argued pro se to the court, requested that the circuit court dismiss the citation because Ross was entitled to diplomatic immunity and because he had a medical defense to the alleged disorderly conduct. The court denied the motions, holding that Ross had not filed sufficient evidence to support a diplomatic immunity claim,[4] and that both the immunity claim and the medical defense claim were matters to be presented to the court at the bench trial.
¶4 Ross told the circuit court during the September 8, 2003 motion hearing that his mailing address was General Delivery, Sheboygan, WI 53082, rather than the 507 Michigan Avenue, Sheboygan, WI 53081, address stated on the citation, and assured the court that he checked his General Delivery mail on a regular basis. The court told Ross that notification would be going out "very shortly with regard to scheduling this trial." That same day, a Notice of Trial was mailed to Ross setting the trial for September 29, 2003, at 10:30 a.m. The notice indicates that it was mailed to 507 Michigan Avenue, Sheboygan, WI 53081, rather than to the General Delivery address.
¶5 On September 29, 2003, the case was called for trial. Ross failed to appear. The City of Sheboygan, present and ready with two witnesses, moved for a default judgment and the circuit court granted the motion. On October 8, 2003, a notice of the default judgment was sent to the address (General Delivery, Sheboygan, WI 53082) provided by Ross.
¶6 Ross, aware that the default judgment had been entered, requested that the judgment be vacated and the case reopened. The circuit court scheduled a hearing for October 15, 2003, to address the request. The court sent Ross a notice of the hearing using the Sheboygan General Delivery address. Ross failed to appear on October 15, 2003, for the hearing on his motion to vacate the default judgment.

ISSUE
¶7 Ross presents a plethora of tortuous appellate issues and arguments in his brief. The City commendably tries to decipher and clarify the issues Ross presents, breaking down the appeal into four separate appellate arguments.[5] We conclude that the appellate issue presented here is whether the circuit court erroneously exercised its discretion on October 15, 2003, when it denied Ross's request to vacate the default judgment.[6]

DISCUSSION
¶8 The prosecution of a municipal ordinance violation is a civil action subject to the rules of civil procedure. Village of Bayside v. Bruner, 33 Wis. 2d 533, 535, 148 N.W.2d 5 (1967). A post-answer default judgment is one rendered against a defendant who "fails to appear at trial or otherwise provide a defense on the merits." BLACK'S LAW DICTIONARY 449 (8th ed. 2004). Direct court authority for a default judgment in a civil action is provided in WIS. STAT. § 806.02(5), which states, in part: "A default judgment may be rendered against any defendant who has appeared in the action but who fails to appear at trial."
¶9 The granting of a default judgment is within the circuit court's discretion. Oostburg State Bank v. United Sav. & Loan Ass'n, 130 Wis. 2d 4, 11, 386 N.W.2d 53 (1986). We will not set aside a discretionary order "unless it is apparent that it was exercised arbitrarily or on the basis of completely irrelevant factors." Gaertner v. 880 Corp., 131 Wis. 2d 492, 497-98, 389 N.W.2d 59 (Ct. App. 1986). Here, because Ross failed to appear for his trial, the default judgment granted to the City is directly supported by WIS. STAT. § 806.02(5). The grant of the default judgment was, therefore, not an erroneous exercise of discretion.
¶10 A circuit court determination to deny or grant a motion seeking to vacate a default judgment is also a discretionary act. Dugenske v. Dugenske, 80 Wis. 2d 64, 68, 257 N.W.2d 865 (1977). Relief from a default judgment is available if the judgment was a product of mistake, inadvertence, surprise, or excusable neglect. Carmain v. Affiliated Capital Corp., 2002 WI App 271, ¶23, 258 Wis. 2d 378, 654 N.W.2d 265. The movant has the burden to show that a requisite condition supports entitlement to relief from a default judgment. Id. Here, Ross failed to meet his burden to vacate the default judgment when he failed to appear at the scheduled hearing.
¶11 Ross failed to appear for trial on September 29, 2003, and the circuit court granted a default judgment in favor of the City. Ross then moved to vacate the default judgment and reopen the case. The court set the matter for a hearing, stating at the hearing on October 15, 2003, that Ross "had complained and asked to have the matter reopened because ... notice didn't get to him of the trial, court trial." Ross was sent notice of the hearing date and time at the mailing address he had previously designated. Ross failed to appear at the hearing and meet his burden to vacate the default judgment and reopen the case. The court concluded that "[i]t appears [Ross] does not wish to follow up on the motion to reopen and the Court would deny the [motion]." Had Ross appeared at the hearing on October 15, 2003, the circuit court could have, in its discretion, granted Ross relief from the default judgment. See WIS. STAT. § 806.07.[7]
¶12 We are satisfied that the circuit court properly exercised its discretion in denying the motion to vacate the default judgment based upon the failure of Ross to appear at the October 15, 2003 hearing. Accordingly, we affirm the order denying relief from the default judgment and the judgment.
By the Court.  Judgment and order affirmed.
NOTES
[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2)(b) (2003-04). All references to the Wisconsin Statutes are to the 2003-04 version unless otherwise noted.
[2] The appellant refers to himself in this appeal as Amb. Joseph-Peter: Ross rather than Joseph P. Ross. The citation, court notices and default judgment all identify the appellant as Joseph P. Ross and we will use that name in this decision.
[3] One motion was entitled "Notice to Correct Fatal Errors" and the other was entitled "Motion to Quash."
[4] Ross claimed that he had previously sent immunity documents to City of Sheboygan Police Chief Kirk rather than to the court. The circuit court advised Ross that sending notices to Police Chief Kirk "wouldn't have any significance with regard to the Court's determination [at the motion hearing]." The court told Ross that it would consider the immunity claim at trial but that proof of immunity would have to be in the form of "a sealed copy from the Department of State." Ross advised the court that he was "expecting accreditation from the State Department of Washington D.C., it was signed by Colin Powell."
[5] The four appellate issues deciphered by the City are: (1) the existence of diplomatic immunity; (2) the validity of a medical defense; (3) the circuit court's personal jurisdiction over Ross; and (4) the claimed violation of due process by Ross.
[6] An appellate court is not required to address the issues as structured by the parties. See State v. Waste Mgmt. of Wis., Inc., 81 Wis. 2d 555, 564, 261 N.W.2d 147 (1978).
[7] WISCONSIN STAT. § 806.07 allows the circuit court to grant relief to a party from a judgment upon such terms as are just, including excusable neglect, subsec. (1)(a), or other reasons justifying relief, subsec. (1)(h).